916 So.2d 294 (2005)
STATE of Louisiana
v.
Dashawn LEWIS.
No. 04-KA-1074.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2005.
*296 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne Wallis, Appellate Counsel, Bobby Ray T. Malbrough, Trial Counsel, Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
James A. Williams, Butch Wilson, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendant, Dashawn Lewis, appeals from his convictions of possession of cocaine between 200 and 400 grams and possession of methadone. We affirm the convictions and finding as a second felony offender and vacate the sentences.
On October 28, 2003[1] the Defendant was charged with possession of cocaine in excess of 400 grams, a violation of La. R.S. 40:967 F(1)(c), and possession of methadone, a violation of La. R.S. 40:967 C. He was arraigned, pled not guilty to both charges, and filed several pre-trial motions, including motions to suppress the evidence, confession, and identification. There is no evidence in the record that the trial court heard or ruled on the motions.
The Defendant was tried with Wise by a twelve person jury on January 21 and 22, 2004. On January 22, 2004, he was found guilty of possession of methadone, as charged, and the lesser included offense of possession of cocaine between 200 and 400 grams (R.S. 40:967 F(1)(b)). On February 18, 2004, the Defendant filed a Motion for Post-Verdict Judgment of Acquittal and a Motion for New Trial. The motions were set for hearing on March 18, 2004, but the record does not indicate that the trial court ever heard or ruled on them. On February 18, 2004, the State filed a habitual offender bill of information, alleging the Defendant to be a second felony offender. On March, 18, 2004, a sentencing hearing was held and he was sentenced to 10 years imprisonment at hard labor and a $100,000 fine on the possession of cocaine conviction, and 2 years imprisonment at hard labor on the methadone conviction, consecutive, with no diminution for good behavior pursuant to R.S. 15:571.3. On that same day, the State filed an amended habitual offender bill of information, *297 again alleging the Defendant to be a second felony offender. The Defendant was advised of his rights and waived them, entering an admission to the State's allegations. The trial judge then vacated the sentence for the possession of cocaine conviction, imposed an enhanced sentence of 15 years imprisonment at hard labor without benefit of probation or suspension of sentence, consecutive to his sentence on a probation revocation.
The case officer, Sergeant Jason Renton, a narcotics agent with the Jefferson Parish Sheriff's Office (JPSO), testified that he obtained information regarding activities at 2311-B Justin Lane in Harvey in September of 2003 that triggered a surveillance operation. During his investigation, he learned that the Defendant and his girlfriend, Wise, lived at that address. Based on the surveillance by Sergeant Renton and Agent Lee Blackwell, only the Defendant and Wise went in and out of the apartment, except for the confidential informant, who went there to attempt to buy drugs.[2]
Sergeant Renton subsequently obtained a "no-knock" search warrant[3] for 2311-B Justin Lane and a search warrant for 2121 Rose Street in Gretna, the Defendant's address of record and the home of his parents. Officers executed searches at both addresses on October 17, 2003. According to Sergeant Renton, Agent Blackwell and Agent Pat Digiovanni, Wise and an infant were at 2311-B Justin Lane when they entered. The Defendant was found at 2121 Rose Street and was transferred to 2311-B Justin Lane by police officers during the search of that residence.
During the search, Sergeant Renton questioned Wise in the infant's second floor bedroom about the location of drugs in the residence. She told him that she did not know where anything was, and that the officers would have to find it themselves.
Agent Kim Blanche assisted in the operation by staying with Wise and the infant while the search was conducted. Agent Blanche testified that Wise told her that she knew that the Defendant had been dealing in drugs, but did not know where he kept them.
In the search of a second floor bedroom, Agent Digiovanni found some papers with numerical figures that appeared to be ledgers. Inside a closet that held an air conditioning unit, the agent located a shopping bag. Twenty clear plastic bags were found inside the shopping bag, each containing an off-white, rock-like substance. The substance was field-tested and was found to be positive for cocaine. Other evidence located at 2311-B Justin Lane included $11,044 in currency, an orange colored wafer wrapped in clear plastic, several boxes of baking soda, and a digital scale. A police officer videotaped the inside of the residence at the time of the search and it was played for the jury.
Sergeant Renton testified that when officers escorted the Defendant out of 2311-B Justin Lane, his parents were waiting outside. In response to a question from his mother, the Defendant said, "I told them it was mine."
Detective Scott Zemlik of the Gretna Police Department assisted in the search of 2121 Rose Street. He stated that the Defendant's mother directed him to her *298 son's bedroom. In the bedroom, Detective Zemlik found a clear plastic bag containing off-white residue, and $13,000 in currency inside the bedroom closet, located between the casing of the door and the sheetrock. He turned the evidence over to the Jefferson Parish officers.
Andrea Travis (Travis), a forensic scientist with the Jefferson Parish Crime Lab, was accepted by the trial court as an expert in drug analysis. She examined the orange wafer wrapped in plastic. It tested positive for methadone, a pain killer that is used for treatment of heroin addiction. Travis also tested a representative sample of the off-white, rock-like objects. They were positive for cocaine. She testified that the net weight of the crack cocaine was 1,185.05 grams. She further testified that she was given the plastic bag containing white residue. She was unable to test the substance because there was not enough for a proper sample.
On appeal, the Defendant contends that the evidence was insufficient to convict him, that the trial judge improperly admitted hearsay evidence, and that his constitutional right to confrontation under the Sixth Amendment of the U.S. Constitution was violated. He further requests a review for patent error.

I. INSUFFICIENT EVIDENCE AND HEARSAY
In his first and third assignments of error, the Defendant presents arguments about sufficiency of the evidence. He argues that the evidence was insufficient to support his convictions because the State failed to prove that he was in possession of cocaine or methadone and that the only evidence connecting him to the contraband was inadmissible hearsay.
When issues are raised on appeal as to sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine sufficiency of the evidence. When the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any issues regarding trial errors become moot. State v. George, 95-0110, p. 6 (La.10/16/95), 661 So.2d 975, 978; State v. Conner, 02-363, p. 7 (La.App. 5th Cir.11/13/02), 833 So.2d 396, 401, writ denied, 02-3064 (La.4/25/03), 842 So.2d 396.
The standard for appellate review of the sufficiency of evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); State v. Bailey, 04-85, p. 4 (La.App. 5th Cir.5/26/04), 875 So.2d 949, 954-955, writ denied, 04-1605 (La.11/15/04), 887 So.2d 476.
Evidence may be either direct or circumstantial. Circumstantial evidence consists of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372, 378 (La.1982). In cases involving circumstantial evidence, La.R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." A different test is applied on appellate review. In State v. Mitchell, 99-3342, p. 7 (La.10/17/00), 772 So.2d 78, 83, the Louisiana Supreme Court stated:
On appeal, the reviewing court "does not determine whether another possible hypothesis suggested by a the Defendant could afford an exculpatory explanation of the events." ... Rather, the *299 court must evaluate the evidence in a light most favorable to the state and determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt....
(Citations omitted; emphasis in the original).
See also: State v. Neal, 00-0674, p. 9 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002); State v. Ingram, 04-551 (La.App. 5th Cir.10/26/04), 888 So.2d 923, 925-926.
To support a conviction for possession of a controlled dangerous substance, the State must prove that the Defendant was in possession of the illegal drug and that he knowingly possessed the drug. La.R.S. 40:967 C, F; State v. Alo, 04-62, p. 4 (La.App. 5th Cir.10/12/04), 886 So.2d 1130, 1132, writ denied, 04-2992 (La.3/24/05), 896 So.2d 1035. Guilty knowledge is an essential element of the crime of possession of contraband. Id. Since it is a state of mind, it need not be proven as fact; it may be inferred from the circumstances. State v. Major, 03-3522, pp. 8-9 (La.12/1/04), 888 So.2d 798, 803; State v. Lathers, 03-941, p. 6 (La. App. 5th Cir.2/23/04), 868 So.2d 881, 885.
The element of possession may be established by showing that the defendant exercised either actual or constructive possession of the substance. A person not in physical possession of the drug is considered to be in constructive possession of a drug, even though it is not in his physical custody, when the drug is under that person's dominion and control. Lathers, 03-941 at p. 6, 868 So.2d at 885. A subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right to control the drugs. State v. Marshall, 02-1067, pp. 8-9 (La.App. 5th Cir.2/25/03), 841 So.2d 881, 888, writ denied, 03-0909 (La.9/26/03), 854 So.2d 345.
The question of possession hinges on the particular facts of each case. Factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession include: (1) the Defendant's knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the Defendant's access to the area where the drugs were found; (4) evidence of recent drug use by the Defendant; (5) the existence of paraphernalia; and, (6) evidence that the area was frequented by drug users. State v. Marshall, 02-1067 at p. 10, 841 So.2d at 889; State v. Williams, 01-644, pp. 5-6 (La.App. 5th Cir.11/27/01), 802 So.2d 909, 913.
In this case, the Defendant was not in actual possession of the drugs at the time of his arrest, because he was taken from his mother's home to his girlfriend's apartment following the execution of the search warrant at the apartment. However, he admits that Wise was his girlfriend, although he does not admit that he lived at 2311-B Justin Lane.
The State's evidence shows that the narcotics agents conducted surveillance of 2311-B Justin Lane from September through mid-October of 2003. During that surveillance, no officer saw anyone other than the Defendant and Wise enter or exit the home, other than a confidential informant sent to the apartment to make the purchase. Sergeant Renton testified that when the Defendant was picked up at his parents' house, the Defendant told his parents, "I told them it was mine." In addition, Wise told Agent Blanche that she knew that the Defendant sold drugs, although *300 she claimed that she did not know where he kept them.
There was no documentation of who owned the apartment and no mail or other documents were found there indicated that the Defendant lived at 2311-B Justin Lane with Wise. However, Agent Blackwell saw the Defendant enter the residence using a key. Just prior to the search, he saw the Defendant drive away from the subdivision where the apartment was located. Sergeant Renton believed that the Defendant lived there, "Through my information...." When the officer made that statement in trial, the Defendant objected on the basis of hearsay, which the trial judge overruled.
Hearsay is an oral or written assertion, other than one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. La.C.E. art. 801. Hearsay evidence is not admissible except as otherwise specified in the Louisiana Code of Evidence or other legislation. La.C.E. art. 802. If the sole evidence of guilt rests entirely on unreliable, inadmissible hearsay evidence to which there was no objection, the evidence may be insufficient to convict. State v. Lubrano, 563 So.2d 847, 849 (La.1990); State v. Hartwell, 03-1214, p. 9 (La.App. 5th Cir.1/27/04), 866 So.2d 899, 905, writ denied, 04-0448 (La.6/25/04), 876 So.2d 832.
Even if Sergeant Renton's testimony constituted hearsay, other evidence supports the conclusion that the Defendant lived at the apartment with Wise. She was his girlfriend, he had free access to the apartment and he was seen entering and leaving. Wise admitted that he sold drugs and he made an inculpatory statement to his parents in front of the officers, telling them that he told them that "it was mine." A reasonable juror could interpret his statement along with the other evidence as support that the Defendant lived with Wise and knew about the drugs.
Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. Lathers, 03-941 at p. 6, 868 So.2d at 885. Viewing the evidence in this case in the light most favorable to the prosecution, pursuant to the Jackson standard, we find the evidence was sufficient to convict the Defendant.

II. RIGHT TO CONFRONTATION
The Defendant next asserts that his right of confrontation was violated by the admission of a statement made by Wise while in police custody. The Defendant points to the following explanation given by Sergeant Renton in response to direct examination by the prosecutor:
... I basically questioned Tymika for a short period of time in front of Detective Blanche, who was her escort at that time sitting next to her because she was detained and being placed under arrest for the drugs. And I was trying to find out where  I'm sorry, we didn't find the drugs yet at this time. I had tried to talk to her in reference to see where she knew the drugs were hidden at and she's like, "I don't know where any of his drugs are; I don't know nothing about that." She did state that she knew that he sold drugs, but she didn't know where he was hiding them at or she wouldn't tell us where she was hiding them at.
The State contends that the Defendant is not entitled to review of this issue because he failed to make a contemporaneous objection at trial in accordance with La.C.Cr.P. art. 841. The transcript shows that the Defendant did not object at the time of the testimony at issue. However, *301 the Defendant did make a timely objection later, after Wise's attorney completed questioning Sergeant Renton on cross-examination, about his interrogation of Wise. At that point, the Defendant moved for a mistrial, saying, and "Now I'm forced to have to defend against the state and against my co-defendant based upon that question." The trial judge overruled the objection, remarking that counsel had been given ample notice prior to trial that Wise's statements would be used.
In order to preserve an issue for appellate review, a party must state an objection contemporaneously with the occurrence of the error, as well as the grounds for the objection. La.C.Cr.P. art. 841. A new basis for an objection may not be raised for the first time on appeal. Rather, a defendant is limited to the grounds articulated at trial. State v. Cooks, 97-0999, p. 11 (La.9/9/98), 720 So.2d 637, 644, cert. denied, 526 U.S. 1042, 119 S.Ct. 1342, 143 L.Ed.2d 505 (1999); State v. Taylor, 04-346, p. 9 (La.App. 5th Cir.10/26/04), 887 So.2d 589, 594. The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem, and to prevent the defendant from gambling on a favorable verdict, then resorting to appeal on errors that might easily have been corrected by an objection. State v. Johnson, 03-620, p. 10 (La.App. 5th Cir.10/28/03), 860 So.2d 180, 187, writ denied, 03-3171 (La.3/19/04), 869 So.2d 849.
In the instant case, the State filed a pre-trial Notice of Intention to Use and Introduce Statement of Defendant in Evidence, in accordance with La.C.Cr.P. art. 768. The notice specified that it would introduce at trial Wise's statement to Kim Blanche that she was aware that the Defendant was distributing narcotics. There is nothing in the record to show that the Defendant opposed the introduction of the statement prior to trial. Although the Defendant filed a pre-trial motion to suppress the confession, he did not pursue a ruling on the motion prior to trial. Rule 1-3, Uniform Rules-Courts of Appeal, provides that, "The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice requires otherwise." No jurisprudence is found in which either this Court or the Louisiana Supreme Court has found that constitutional confrontation clause issues are reviewable in the "interest of justice," even absent a contemporaneous objection. In State v. Taylor, 04-346 at p. 9, 887 So.2d at 594-595, this Court recently found that the failure to make a contemporaneous objection precluded the defendant from claiming a confrontation clause violation on appeal. Based on the foregoing, the Defendant is not entitled to appellate review of this issue.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Frazier, 03-1219, p. 8 (La.App. 5th Cir.3/30/04), 870 So.2d 1075, 1079; writ denied 04-1290 (La.10/29/04), 885 So.2d 584. We find the following error requiring a remand.
La.C.Cr.P. art. 821 provides that a defendant may move for a post-verdict judgment of acquittal following the verdict, and that such motion must be made and disposed of prior to sentencing. La.C.Cr.P. art. 853 provides that motions for a new trial must be filed and disposed of before sentencing. The trial court erred in failing to rule on the Defendant's timely filed Motion for Post-Verdict Judgment of Acquittal and Motion for New Trial. Neither the Defendant nor the State raises the *302 issue on appeal, but it is reviewable as a patent error. See: State ex rel. T.J., 01-384, p. 6 (La.App. 5th Cir.10/17/01), 800 So.2d 969, 973.
In State v. Randolph, 409 So.2d 554 (La.1981), per curiam (on rehearing, 1982), the Louisiana Supreme Court dealt with the trial court's failure to rule on a defendant's new trial motion by vacating his sentence and remanding the case to the trial court for a ruling. The high court reserved to the defendant his right to appeal his conviction and sentence in the event of an unfavorable ruling on the motion.
In State v. Wilson, 96-251 (La.App. 5th Cir.10/1/96), 683 So.2d 775, the defendant complained that the trial court had failed to rule on defense motions for post-verdict judgment of acquittal and for new trial prior to sentencing. This Court addressed the merits of the defendant's other claims, but vacated his sentences and remanded the case to the trial court for a hearing on the outstanding motions and for a subsequent re-sentencing. Wilson, 96-251 at pp. 6-7, 683 So.2d at 777. More recently, this Court has remedied such errors by conditionally affirming the defendant's conviction, vacating the sentence, and remanding for rulings on the Defendant's motions;[4] or by simply vacating the defendant's sentence and remanding for rulings on the defendant's motion.[5]
In conformity with Randolph, we will vacate the Defendant's sentences and remand the case to the trial court for a ruling on the motions, reserving to the Defendant his right to re-institute his appeal from his convictions and sentences in the event that the rulings are adverse to the Defendant.[6]
Accordingly, the Defendant's convictions and his finding as a second felony offender are hereby affirmed. His sentences are vacated and the case is remanded for a hearing on the motion for post verdict judgment of acquittal and for re-sentencing, if the motion is denied. In the event that the rulings on the motions are adverse to the Defendant, we hereby reserve his right to appeal from those rulings.
CONVICTIONS AND FINDING AS A SECOND FELONY OFFENDER AFFIRMED; SENTENCES VACATED; CASE REMANDED.
NOTES
[1] This is a companion appeal to State v. Wise, 05-221 (La.App. 5th Cir.10/6/05), 916 So.2d 290, 2005 WL 2464604. Tymika Wise (Wise) was also charged with the offenses.
[2] Agent Blackwell observed the apartment for 4 hours during the surveillance period.
[3] Sergeant Renton explained that a "no-knock" warrant enables officers to enter a residence without knocking or announcing their presence.
[4] See: State ex rel. T.J., 01-384 at p. 6, 800 So.2d at 973.
[5] See: State v. Davis, 01-1275, p. 4 (La.App. 5th Cir.4/10/02), 817 So.2d 171.
[6] We note that there are sentencing problems that can be corrected on resentencing, if the Defendant's motions are denied. The "without benefits" provisions of both the original cocaine conviction and habitual offender sentences fail to correctly include which benefits are excluded under La.R.S. 40:967 G. See: La.R.S. 40:967 F(1)(b). See also: State v. Fletcher, 03-60, p. 13 (La.App. 5th Cir.4/29/03), 845 So.2d 1213, 1222. Although self-activating under La.R.S. 15:301.1, these omissions should be included in any new sentence.

There are also discrepancies between the commitments and the sentencing transcript relative to the original cocaine sentence and the habitual offender sentence, both as to the amount of cocaine. Where the transcript and the minute entry conflict, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).
The commitment further lacks any reference to the consecutive nature of the sentences or that they are not subject to diminution for good behavior. Further, the second commitment incorrectly states that the Defendant was sentenced to 15 years on the possession charge, as opposed to the habitual offender enhancement.