916 So.2d 290 (2005)
STATE of Louisiana
v.
Tymika J. WISE.
No. 05-KA-221.
Court of Appeal of Louisiana, Fifth Circuit.
October 6, 2005.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Desiree M. Valenti, Bobby R. Malbrough, Assistant District Attorneys, Parish of Jefferson, Gretna, Louisiana, for Plaintiff/Appellee.
*291 Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, CLARENCE E. McMANUS, and JAMES C. GULOTTA, Pro Tempore.
JAMES L. CANNELLA, Judge.
The Defendant, Tymika Wise, appeals from her convictions of possession of cocaine and possession of methadone.[1] We affirm and remand.
The Defendant was charged with possession of cocaine in excess of 400 grams, a violation of La. R.S. 40:967 F(1)(c), and possession of methadone, a violation of La. R.S. 40:967 C. She was arraigned, pled not guilty to both charges, and filed several pre-trial motions, including motions to suppress the evidence, confession, and identification. There is no evidence in the record that the court heard or ruled on the motions.
On January 20, 2004, the Defendant indicated to the trial judge that she wanted to plead guilty in conformity with a plea agreement. After hearing the Defendant's testimony regarding the charges, however, the State withdrew its offer of a plea agreement. The trial judge set the matter for trial.
On January 21 and 22, 2004, the Defendant was tried with Lewis by a twelve person jury. The jury found the Defendant guilty of attempted possession of 200 grams or more, but less than 400 grams, of cocaine. See: La. R.S. 14:27, La. R.S. 40:979 A, La. R.S. 40:967 F(1)(b). The jury also found the Defendant guilty of attempted possession of methadone. See: La. R.S. 14:27, La. R.S. 40:979 A, 40:967 C.[2]
On February 19, 2004, the Defendant filed a Motion in Arrest of Judgment and a Motion for New Trial, which were heard and denied that day. The trial judge then sentenced the Defendant to three years imprisonment at hard labor and a fine of $50,000 on the conviction for possession of cocaine[3], and one year imprisonment at hard labor on the conviction for attempted possession of methadone, to be served concurrently. The trial judge noted that the Defendant would not be eligible for diminution of sentence for good behavior based on the provisions of La. R.S. 15:571.3.[4]
Sergeant Jason Renton, a narcotics agent with the Jefferson Parish Sheriff's Office (JPSO) and the case officer, testified that he obtained information regarding activities at 2311-B Justin Lane in Harvey in September, 2003 that triggered a surveillance operation. During his investigation, he learned that Lewis and his girlfriend, the Defendant, lived at that address. Based the surveillance observations by Sergeant Renton and Agent Blackwell, only Lewis and the Defendant went in and out of the apartment, except for the *292 confidential informant who went there to attempt an undercover drug buy.[5]
Sergeant Renton subsequently obtained a "no-knock" search warrant[6] for the residence and search warrant for a residence at 2121 Rose Street in Gretna, Lewis' address of record, and the home of Lewis' parents. Officers executed searches at both addresses on October 17, 2003. According to Sergeant Renton, Agent Lee Blackwell and Agent Pat Digiovanni, the Defendant and an infant were in the Justin Lane apartment when they entered. Lewis was found at his parents' home and transferred to the Justin Lane apartment by police officers during the search of that residence.
Sometime during the search, Sergeant Renton questioned the Defendant in the infant's second floor bedroom about the location of drugs in the residence. The Defendant told him that she did not know where anything was, and that the officers would have to find it themselves.
Agent Kim Blanche assisted in the operation by staying with the Defendant and the infant while the search was conducted. Agent Blanche testified that the Defendant told her that she knew that Lewis had been dealing in drugs, but did not know where he kept them.
In the search of a second floor bedroom, Agent Digiovanni found some papers with numerical figures. They appeared to him to be ledgers. Inside of a closet that held an air-conditioning unit, the agent located a shopping bag. Twenty clear plastic bags were found inside the shopping bag, each containing an off-white, rock-like substance. The substance was field-tested and found to be positive for cocaine. Other evidence located at the Justin Lane residence included $11,044 in currency, an orange colored wafer wrapped in clear plastic, several boxes of baking soda, and a digital scale. A police officer videotaped the inside of the residence at the time of the search. The videotape was played for the jury.
Sergeant Renton testified that when officers escorted Lewis out of the Justin Lane residence, his parents were waiting outside. In response to a question from his mother, Lewis said, "I told them it was mine."
Detective Scott Zemlik of the Gretna Police Department assisted the Jefferson Parish narcotics agents in executing the search at 2121 Rose Street. He stated that Lewis' mother directed him to Lewis' bedroom. In the bedroom, Detective Zemlik found a clear plastic bag containing off-white residue, and $13,000 in currency inside the bedroom closet, located between the casing of the door and the sheetrock. He turned the evidence over to the Jefferson Parish officers.
Andrea Travis, a forensic scientist with the Jefferson Parish Crime Lab, was accepted by the court as an expert in drug analysis. She examined the orange wafer wrapped in plastic. It tested positive for methadone, a pain killer that is used for treatment of heroin addiction. She also tested a representative sample of the off-white, rock-like objects. They were positive for cocaine. She testified that the net weight of the crack cocaine was 1,185.05 grams. She further testified that she was given the plastic bag containing white residue. She was unable to test the substance because there was not enough for a proper sample.
*293 On appeal, the Defendant contends that her trial counsel was ineffective in failing to pursue her pre-trial motion to suppress the evidence. The Defendant further argues that counsel was deficient in failing to make the search warrants a part of the record in order that this Court might review them in connection with her claim. The Defendant further requests a patent error review.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffective assistance of counsel, a two-pronged test is employed. The Defendant must show that (1) his attorney's performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. LaCaze, 99-0584, p. 20 (La.1/25/02), 824 So.2d 1063, 1078, cert. denied, 537 U.S. 865, 123 S.Ct. 263, 154 L.Ed.2d 110 (2002). In order to show prejudice, the defendant must show that, but for his counsel's unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 693, 104 S.Ct. at 2068.
The Sixth Amendment does not guarantee `errorless counsel [or] counsel judged ineffective by hindsight,' but counsel reasonably likely to render effective assistance. LaCaze, 99-0584 at p. 20, 824 So.2d at 1078. Claims of ineffective assistance are to be assessed on the facts of the particular case as seen from counsel's perspective at the time. LaCaze, 99-0584 at p. 20, 824 So.2d at 1078-1079. Consequently, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id.
A claim for ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief filed in the trial court, where a full evidentiary hearing can be conducted, rather than on direct appeal. State v. Washington, 03-1135, p. 15 (La.App. 5th Cir.1/27/04), 866 So.2d 973, 983. However, when the record contains sufficient evidence to rule on the merits of the claim and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Deruise, 98-0541, p. 34 (La.4/3/01), 802 So.2d 1224, 1247, cert. denied, 534 U.S. 926, 122 S.Ct. 283, 151 L.Ed.2d 208 (2001).
Counsel filed a motion to suppress evidence in this case, but did not pursue a ruling on the motion prior to trial. If a defendant does not object to the trial court's failure to rule on a motion prior to trial, the motion is considered waived. State v. Ruffin, 02-798, p. 16 (La.App. 5th Cir.12/30/02), 836 So.2d 625, 636, writ denied, 03-3473 (La.12/10/04), 888 So.2d 831.
There is insufficient evidence in the record to allow this Court to address the merits of the Defendant's ineffective assistance of counsel claim. The search warrants are not part of the record and there was very little testimony regarding the facts that formed the basis for the warrants. Consequently, we find that this issue would be more properly raised in an application for post-conviction relief in the district court, where an evidentiary hearing can be held.

PATENT ERROR
The record was reviewed for patent errors in accordance with La.C.Cr.P. art. 920. State v. Oliveaux, 312 So.2d 337, 338 (La.1975); State v. Frazier, 03-1219, p. 8 (La.App. 5th Cir.3/30/04), 870 So.2d 1075, 1079; writ denied. 04-1290 (La.10/29/04), 885 So.2d 584.
*294 The commitment is inconsistent with the transcript in two respects. Where the minute entry and the transcript conflict, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).
First, the commitment reflects that the Defendant was found guilty by a judge on both counts, when she actually had a jury trial. Second, the commitment incorrectly reflects that, as to Count 1, the Defendant was convicted of possession with intent to distribute cocaine in excess of 400 grams. The Defendant was actually found guilty of the lesser offense of attempted possession of more than 200 grams and less than 400 grams of cocaine. Thus, we will order the trial court to amend the commitment to conform to the transcript.
Accordingly, the Defendant's convictions and sentences are hereby affirmed. The case is remanded for correction of the commitment to reflect that the Defendant's convictions were by a jury, and that as to Count 1 the Defendant was convicted of attempted possession of more than 200 grams and less than 400 grams of cocaine.
CONVICTIONS AND SENTENCES AFFIRMED AND CASE REMANDED.
NOTES
[1] This is a companion case to State v. Lewis, 04-1074 (La.App. 5th Cir.10/6/05), 916 So.2d 294, 2005 WL 2464629. Dashawn Lewis (Lewis) was charged in the same bill of information on both counts.
[2] The jury found Lewis guilty of possession of more than 200 and less than 400 grams of cocaine and guilty of possession of Methadone.
[3] This should have been "attempted" possession of cocaine. See error patent discussion.
[4] The Defendant filed a timely Motion for Appeal on February 19, 2004, which was granted on March 4, 2004. On October 25, 2004, the Defendant filed in proper person a Motion to Modify Sentence to Run Concurrent With Parole Violation. The motion was denied on October 29, 2004.
[5] Agent Blackwell observed the apartment for four hours during the surveillance period.
[6] Sergeant Renton explained that a "no-knock" warrant enables officers to enter a residence without knocking or announcing their presence.