MARION F. EDWARDS, Judge.
 

 |2This matter has been before this Court previously.
 
 [1]
 
 In the trial court, defendant-appellant, Dashawn Lewis (“defendant”), was convicted on one count of possession of 200 grams or more, but less than 400 grams of cocaine, and on a second count of possession of methadone. Defendant was sentenced to ten years at hard labor and ordered to pay a fine of $10,000 on the cocaine charge, and two years at hard labor on the methadone charge. Subsequently, defendant admitted to his status as a second felony offender. The trial court vacated the sentence on the cocaine conviction and imposed an enhanced sentence of fifteen years.
 

 In the original appeal to this Court, we affirmed defendant’s convictions and the finding that defendant was a second felony offender. However, upon a review of the record for errors patent in that initial appeal, we found the trial court had failed to rule on a defense motion for post-verdict judgment of acquittal following |3the verdict, but before sentencing. We vacated the sentences and remanded the matter to the trial court for a hearing on the motion for post-verdict judgment of acquittal, while reserving defendant’s right to appeal an adverse ruling. This procedure is in conformity with prior holdings by the Louisiana Supreme Court.
 
 [2]
 

 The trial court took up the matter on remand and denied defendant’s motion for post-verdict judgment of acquittal and his motion for new trial. After defendant waived sentencing delays, the trial court imposed an enhanced fifteen-year sentence on the cocaine charge and ordered that the sentence is to run consecutively with his
 
 *537
 
 parole revocation. No sentence was imposed on the methadone conviction.
 

 Pursuant to the reservation of defendant’s rights to appeal an adverse ruling on remand, and an order from the trial court granting an out-of-time appeal, defendant has filed his second appeal in this criminal matter.
 

 In this second appeal, defendant’s appointed counsel has raised the issue of excessive sentence and requests a review of the record for errors patent. Additionally, in a pro se brief, defendant has presented five assignments of error, and also requests an errors patent review.
 

 PRO SE ASSIGNMENTS
 

 Defendant’s first three assignments of error relate to the sufficiency of evidence presented by the State to support the convictions.
 
 [3]
 
 Defendant asserts the trial court erred in denying his motion for post-verdict judgment of acquittal because the evidence was insufficient to support his conviction of possession of cocaine over 200 but less than 400 grams of cocaine. Defendant also argues the evidence was insufficient to support the conviction of possession of methadone.
 

 |4In his sufficiency arguments, defendant argues the evidence presented by the State did not prove he actually or constructively possessed either the cocaine or the methadone seized by police officers at the time of his arrest. These arguments were considered and found to be without merit in defendant’s first appeal. That ruling is now final and will not be revisited in this appeal.
 
 [4]
 

 However, we do note that defendant makes an argument relating to the sufficiency of the evidence used to support the conviction on the cocaine charge, which was not considered by this Court in the original appeal, and is preserved because it is the ground for his post-verdict judgment of acquittal motion.
 

 In that argument, defendant avers that the State did not prove the weight of the cocaine was over 200 grams, a specific element of the crime. Defendant argues that only four of the twenty bags seized were tested and these bags were not weighed individually. Therefore, defendant reasons that the State did not prove an essential element of the crime.
 

 The State was required to prove that the defendant possessed more than 200, but less than 400 grams of cocaine, “or a mixture or substance containing a detectable amount of cocaine.”
 
 [5]
 
 Under Louisiana law, random testing of controlled substances is sufficient when the seized samples were similar to the tested random samples and contained the same substance as those that tested positive for the controlled substance.
 
 [6]
 

 At the trial on the merits, Andrea Travis (“Ms. Travis”), an expert in forensic science with a specialty in drug analysis, testified for the State. After she was accepted as an expert by the trial court, Ms. Travis testified that she examined the evidence seized in this case, which consisted of a grocery-type bag containing | ^twenty sandwich bags. Each sandwich bag contained numerous off-white, rock-like objects. She further testified that all of the
 
 *538
 
 contents of the smaller bags appeared to be similar in appearance. Therefore, she selected a random sample of four of the bags for testing. She cut open the four bags and tested several of the rocks inside. All tested positive for cocaine. Ms. Travis first weighed all twenty bags, then subtracted 20 grams (the weight of the plastic bags) to arrive at an approximate net weight of 1,185 .05 grams for the contents of all of the bags. Although Ms. Travis did not weigh each individual bag and did not have a scale at trial, she divided the approximate net weight of 1,185.05 by twenty (the number of bags) to arrive an approximate weight of 59.25 grams per bag. She then multiplied that figure by four, representing the four bags actually tested, and concluded that 237 grams is the approximate weight of the bags that tested positive for cocaine. Ms. Travis’ testimony makes it clear that all the bags were of similar size, weight, and appearance.
 

 In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt.
 
 [7]
 
 Here we find the evidence sufficient to prove the amount of cocaine seized was consistent with the amount necessary to support defendant’s conviction. Accordingly, we find no merit in this assignment of error.
 

 In assignments four and five, defendant challenges the constitutionality of the Habitual Offender Law
 
 [8]
 
 and the trial court’s jurisdiction to impose a sentence pursuant to it. We note first that defendant’s status as a multiple offender was affirmed by this Court in the original appeal, and that ruling is now final. Further, | (jwe find defendant has not raised the issue of constitutionality of the multiple offender statute in the trial court as required. The constitutionality of a statute cannot be raised for the first time on appeal.
 
 [9]
 

 Contrary to defendant’s argument otherwise, the Habitual Offender Law does not charge a separate crime; it merely prescribes an enhanced penalty for repeat offenders.
 
 [10]
 
 Further, the trial court retains jurisdiction to impose an enhanced sentence pursuant to LSA-R.S. 15:529.1 by virtue of LSA-C.Cr.P. art. 916.
 
 [11]
 

 For these reasons, we find no merit in defendant’s
 
 pro se
 
 arguments four and five.
 

 As previously stated, defense counsel challenges the sentence as being excessive, and both counsel and defendant ask this Court to conduct a review of the record for error patent. We have conducted an errors patent review and have found
 
 *539
 
 errors in sentencing that require a remand for sentencing on the methadone conviction and for clarification of the enhanced sentence. Consequently, the issue of ex-cessiveness is rendered moot and will not be considered in this opinion.
 

 Initially, we find that defendant does not have a sentence on the conviction of possession of methadone. In the prior opinion, this Court vacated both sentences and remanded the matter for re-sentencing. The record on remand shows that the trial court only re-sentenced defendant on the cocaine conviction but not on the methadone conviction.
 

 |7Further, there is an inconsistency between the transcript and the commitment with regard to the enhanced sentence imposed on defendant on remand. The commitment indicates defendant was sentenced to fifteen years at hard labor, but the transcript reflects that trial judge failed to state that the sentence was to be served at hard labor. The transcript prevails in the instance of such a discrepancy.
 
 [12]
 
 Because the underlying statute
 
 [13]
 
 in the charge requires the sentence be served at hard labor, the error is harmless and the sentence is not an impermissible indeterminate sentence.
 
 [14]
 

 LSA-R.S. 15:529.1 requires that all habitual offender sentences be imposed without benefit of probation or suspension of sentence. In re-sentencing defendant as a habitual offender, the trial court failed to impose the statutory restrictions required. However, the restrictive provisions are self-operating and do not require corrective action.
 
 [15]
 

 We also note that the trial court ordered the sentence imposed on remand run concurrent with defendant’s parole revocation. However, defendant’s parole status at the time of sentencing is unclear from the record. Unlike probation, there is no prohibition against the trial judge ordering a sentence to run concurrent with a parole revocation.
 
 [16]
 
 However, we find the sentence may be impermissibly indeterminate in violation of LSA-C.Cr.P. art. 879 because defendant’s parole status is unclear.
 
 [17]
 
 Accordingly, we remand to the district court for clarification of defendant’s enhanced sentence upon remand.
 
 [18]
 

 | RFor the foregoing reasons, defendant’s convictions are affirmed, and the matter is remanded to the trial court for imposition of a sentence on the methadone conviction and for clarification of the enhanced sentence on the cocaine conviction.
 

 AFFIRMED AND REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 .
 
 State v. Lewis,
 
 04-1074 (La.App. 5 Cir. 10/6/05), 916 So.2d 294,
 
 writ denied,
 
 2005-2382 (La.3/31/06), 925 So.2d 1257.
 

 [2]
 

 .
 
 See, State v. Randolph,
 
 409 So.2d 554 (La.1981).
 

 [3]
 

 . When the issues on appeal relate to both the sufficiency of evidence and one or more trial errors, the reviewing court should first determine the sufficiency of the evidence by considering the entirety of the evidence.
 
 State v. Hearold,
 
 603 So.2d 731, 734 (La.1992).
 

 [4]
 

 .
 
 State v. Lewis,
 
 916 So.2d at 298-300.
 

 [5]
 

 . LSA-R.S. 40:967(F)(l)(b).
 

 [6]
 

 .
 
 State v. White,
 
 98-91 (La.App. 5 Cir. 6/30/98), 715 So.2d 714,
 
 writ denied,
 
 98-2043 (La.11/25/98), 729 So.2d 577.
 

 [7]
 

 .
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
 

 [8]
 

 . LSA-R.S. 15:529.1 etseq.
 

 [9]
 

 .
 
 State v. Mickei,
 
 07-47 (La.App. 5 Cir. 5.29/07), 961 So.2d 516,
 
 writ denied,
 
 07-1422 (La.1/7/08), 973 So.2d 732.
 

 [10]
 

 .
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993).
 

 [11]
 

 . LSA-C.Cr.P. art. 916 provides in pertinent part:
 

 The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law and to:
 

 [[Image here]]
 

 (8) Sentence the defendant pursuant to a conviction under the Habitual Offender Law as set forth in R.S. 15:529.1.
 

 [12]
 

 .
 
 State v. Lynch,
 
 441 So.2d 732 (La.1983).
 

 [13]
 

 . LSA-R.S. 40:967 F(l)(b).
 

 [14]
 

 .
 
 State
 
 v.
 
 Weatherspoon,
 
 06-539 (La.App. 5 Cir. 12/2/06), 948 So.2d 215,
 
 writ denied,
 
 07-0462 (La.10/12/07), 965 So.2d 398.
 

 [15]
 

 . LSA-R.S. 15:301.1;
 
 State v. Perkins,
 
 02-502 (La.App. 5 Cir. 10/29/02), 831 So.2d 455, writ
 
 denied,
 
 2002-3173 (La.9/26/03), 854 So.2d 348.
 

 [16]
 

 . LSA-C.Cr.P. art. 901(C)(2);
 
 State v. Arceneaux,
 
 05-338 (La.App. 5 Cir. 12/27/05), 930 So.2d 44, 50.
 

 [17]
 

 . If a defendant who has been convicted of an offense is sentenced to imprisonment, the court shall impose a determinate sentence.
 

 [18]
 

 .
 
 See, State v. Hines,
 
 07-312 (La.App. 5 Cir. 10/30/07), 970 So.2d 1134.