STATE OF LOUISIANA

VERSUS

MEGAN LINLEY LASSUS

NO. 24-KA-115

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 23-3624, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING


December 18, 2024


**JOHN J. MOLAISON, JR.**
**JUDGE**


Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Timothy S. Marcel


**AFFIRMED; MOTION TO WITHDRAW GRANTED**

**JJM**
**SJW**
**TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Darren A. Allemand

COUNSEL FOR DEFENDANT/APPELLANT,
MEGAN LINLEY LASSUS
    Holli A. Herrle-Castillo

**MOLAISON, J.**

The defendant, Megan Lassus, appeals her conviction for unauthorized entry of an inhabited dwelling and sentencing as a second-felony offender. We affirm the convictions and sentence for the following reasons, and grant the defense counsel's motion to withdraw.

## PROCEDURAL HISTORY

The State charged the defendant with unauthorized entry of an inhabited dwelling in violation of La. R.S. 14:62.3. She pled not guilty. On December 19, 2023, a six-person jury found the defendant guilty as charged. The defendant pled guilty to the multiple offender bill of information, alleging her to be a second-felony offender. On January 8, 2024, the trial court sentenced the defendant to imprisonment at hard labor for three years on the underlying offense. The trial court then vacated the original sentence and resentenced the defendant as a second-felony offender to imprisonment at hard labor for three years. The trial court granted the defendant's motion for appeal on February 9, 2024.

## FACTS

On July 24, 2023, Deputy Peyton Wilkie of the Jefferson Parish Sheriff's Office (JPSO) responded to a call placed by Andrew Bultman, who reported that when he arrived home, he saw an unknown female, later identified as the defendant, inside his residence. Deputy Wilkie and Sergeant Aaron Verrette entered the residence. When Deputy Wilkie opened the closet door in the bedroom, he saw the defendant. The defendant exited the closet as ordered, and Sergeant Verrette handcuffed her.

The State introduced the incident video from Deputy Wilkie's body camera into evidence and played it for the jury. In that video, the defendant said she entered the residence after breaking the window. The defendant's purse, personal

items, and shoes were near the bed in the victim's bedroom. The defendant asked for help and indicated she was running from someone who was trying to kill her. The defendant was rambling and sweating profusely. Deputy Wilkie did not see anyone walking around the apartment complex when he approached the victim outside the apartment or returned to his vehicle. The defendant, who had no visible injuries, was arrested.

Mr. Bultman testified that he returned home on July 24, 2023, to find his front door unlocked. He was certain he had locked his door when he left at approximately 11:30 p.m. He opened the door and saw "a homeless or random person" in his kitchen in the dark. Mr. Bultman recalled that the defendant said, "Help me." He did not recognize the woman and did not permit anyone to be in his apartment that night. Mr. Bultman slammed the door, backed away, and called the police. He stood on the sidewalk, waited for the police, and saw no one else in the area. The police arrived and walked into his residence, after which he heard screaming. The two police officers and "a homeless lady," identified as the defendant, exited the apartment. Mr. Bultman testified that his closet was "trashed" but that the defendant did not take anything or try to attack him. There was no damage to his apartment.

**ANDERS BRIEF**

Under the procedure adopted by this Court in *State v. Bradford*, 95-929, (La. App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110-11,[1] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, according to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and

---

[1]In *Bradford*, *supra*, this Court adopted the procedures outlined in *State v. Benjamin*, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which the Louisiana Supreme Court sanctioned in *State v. Mouton*, 95-981 (La. 4/28/95), 653 So.2d 1176, 1177 (*per curiam*).

*State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), appointed counsel requests permission to withdraw as counsel of record.

In *Anders*, *supra*, the United States Supreme Court stated that the appointed appellate counsel may request permission to withdraw if she finds her case wholly frivolous after a conscientious examination.[2] The request must accompany "'a brief referring to anything in the record that might arguably support the appeal'" to provide the reviewing court "with a basis for determining whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and to assist the reviewing court "in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988) (quotation omitted).

In *Jyles*, 96-2669, 704 So.2d at 241, the Louisiana Supreme Court stated that an *Anders* brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The Supreme Court explained that an *Anders* brief must demonstrate by complete discussion and analysis that appellate counsel "has cast an advocate's eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Id.*

When reviewing for compliance with *Anders*, an appellate court must independently review the record to determine whether the appeal is wholly frivolous. *Bradford*, 95-929, 676 So.2d at 1110. If, after an independent review, the reviewing Court determines there are no non-frivolous issues for appeal, it may

---

[2] The United States Supreme Court reiterated *Anders* in *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. However, suppose the Court finds any legal point arguable on the merits. In that case, it may either deny the motion and order the court-appointed attorney to file a brief arguing the legal point(s) identified by the Court, or grant the motion and appoint a substitute appellate counsel. *Id.*

## ANALYSIS

The defendant's appellate counsel asserts that after a detailed review of the record, she could find no non-frivolous issues to raise on appeal. Counsel provides that the bill charging the defendant with unauthorized use of an inhabited dwelling plainly and concisely stated the essential facts constituting the charged offense and sufficiently identified the defendant and the crime charged. She also provides that the defendant, represented by counsel, appeared at each stage of the proceedings against her. Therefore, there are no appealable issues surrounding her presence or the fact of her representation. Counsel asserts that the defense filed omnibus motions, which the Court did not take up, and that the defendant did not object to the trial court's failure to hear or rule on the motions. As such, she acknowledges that the defendant waived these motions.

Additionally, the counsel states that law enforcement did not seize evidence from the defendant, which would be subject to a motion to suppress evidence. Likewise, counsel points out that identification was not an issue because law enforcement did not conduct an identification procedure since the defendant's arrest occurred while committing the offense. The incident was recorded on Deputy Wilkie's body camera. Counsel also avers the defendant made spontaneous statements, and police advised her of her rights. Therefore, she contends there is no issue regarding the motion to suppress the statements. Additionally, counsel indicates that the evidence was sufficient to support the

conviction, pointing out that the body-camera footage depicts the defendant inside the victim's apartment and admitting that she entered through the window.

Further, the defendant's appellate counsel asserts that the jury was comprised correctly of six jurors under La. C.Cr.P. art. 782[3], and that the verdict was unanimous. Counsel concludes there is no issue regarding the number of jurors on the jury panel. Counsel acknowledges that there are no viable issues related to jury selection since the defense did not exhaust all of its peremptory challenges, and the defendant did not lodge any objections during the *voir dire* process. With no objections lodged during opening statements, the testimony of either witness, or the closing arguments, counsel asserts that no issues were preserved for review.

The defendant's appellate counsel points out that although the defendant's behavior during the offense was erratic, the defense did not raise sanity as an issue. She also points out that while there was testimony that the defendant may have been on narcotics at the time of the incident, defense counsel could not raise voluntary intoxication as a defense because the unauthorized entry of an inhabited dwelling is a general intent offense.[4] Counsel asserts that there were no deficiencies in the multiple bill, and the trial court advised the defendant of her multiple bill rights before her stipulation to the multiple bill.

According to La. C.Cr.P. art. 881.2(A)(2), Appellate counsel avers that the trial court imposed the agreed-upon three-year enhanced sentence, pointing out that a defendant cannot appeal a sentence imposed in conformity with a plea

---

[3] La. C.Cr.P. art. 782 provides in pertinent part, "A case in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict." Here, La. R.S. 14:62.3 reflects that punishment may be confinement at hard labor. The jury was properly composed of six jurors and reached a unanimous verdict in this case.

[4] Unauthorized entry of an inhabited dwelling requires general intent. *State v. Riviere*, 08-105 (La. App. 5 Cir. 5/27/08), 986 So.2d 768, 770, *writ denied*, 08-1383 (La. 2/13/09), 999 So.2d 1146. Voluntary intoxication can only be considered as a defense in cases where specific intent is a necessary element of the crime, and the defendant claims his intoxication precluded the capacity to form that intent. *State v. Clarke*, 21-1460 (La. 6/29/22), 345 So.3d 1015, 1018. Thus, voluntary intoxication could not have been used as a defense in this case.

agreement. Counsel further avers that the sentence falls within the sentencing parameters of the statute, and therefore, there are no viable sentencing issues to raise.

The State agrees with appellate counsel that no non-frivolous issues exist for appeal. After a jury trial, a jury convicted the defendant when sufficient evidence was presented to sustain her conviction under *Jackson v. Virginia*, *infra*. The State points out that the defendant was caught in the act of violating La. R.S. 14:62.3. With respect to the habitual offender proceedings, the State provides that the trial court conducted a colloquy with the defendant and explained to her the rights she was waiving by stipulating to the multiple offender bill of information. The State also provides that the defendant executed a written waiver of rights form relative to the multiple offender bill. The trial court explained the maximum sentence to the defendant and the sentence to be imposed according to the multiple bill plea. The written waiver of rights form reflects the maximum and actual sentences.

The State points out that the trial court failed to impose the enhanced sentence without probation or suspension of sentence as required by La. R.S. 15:529.1(G). Nevertheless, the State submits that this error is insignificant since the defendant did not receive probation or a suspended sentence. Further, according to La. C.Cr.P. art. 930.8, the State asserts that neither the transcript nor the habitual offender waiver of rights form indicates that the Court advised the defendant of the time periods to appeal or seek post-conviction relief. The State argues that neither issue warrants vacating the defendant's conviction or sentence and requests that this Court affirm the defendant's conviction and sentence.

Appellate counsel has filed a motion to withdraw as attorney of record, which states that she has prepared an *Anders* brief and has notified the defendant of her right to file a *pro se* brief in this appeal. Additionally, this Court sent the defendant a letter by certified mail informing her of the *Anders* brief filing and

that she had until May 5, 2024, to file a *pro se* supplemental brief. The defendant has not filed a supplemental brief.

Our independent review of the record supports the appellate counsel's assertion that there are no non-frivolous issues for review on appeal.

The bill of information correctly charged the defendant and plainly and concisely stated the essential facts constituting the charged offense. The bill sufficiently identified the defendant and the crime charged. *See generally* La. C.Cr.P. arts. 464-466. The minute entries show that the defendant and her counsel appeared at all crucial stages of the proceedings against her, including her arraignment, trial, multiple bill proceedings, and sentencing. Thus, the defendant's presence does not present any issues that would support an appeal.

The record contains omnibus pretrial motions filed by the defense, including a motion to suppress the statements, a motion to suppress the evidence, a motion to suppress the identification, and a motion for preliminary examination. The court did not hear these pretrial motions, and defense counsel did not object to the trial court's failure to hear or rule on these motions. If a defendant does not object to the trial court's failure to rule on a motion before trial, the motions are waived. *State v. Wise*, 05-221 (La. App. 5 Cir. 10/6/05), 916 So.2d 290, 293. Hence, the defendant waived these pretrial motions.

In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct, circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In this case, the jury convicted the defendant of unauthorized entry of an inhabited dwelling. La. R.S. 14:62.3(A) defines the unauthorized entry of an

inhabited dwelling as "the intentional entry by a person without authorization into any inhabited dwelling or other structure belonging to another and used in whole or in part as a home or place of abode by a person." An unauthorized entry is an entry without consent, express or implied. *State v. Rivet*, 01-353 (La. App. 5 Cir. 9/25/01), 798 So.2d 219, 224. In the case of a private residence, a person must have the consent of the occupant or an occupant's agent to constitute a defense to unauthorized entry. This consent must be given by a person with authority or capacity to consent. *State v. Kirsch*, 04-214 (La. App. 5 Cir. 7/27/04), 880 So.2d 890, 894.

At trial, the victim testified that when he arrived home, the screen had been removed from the window to the left of his front door. When he opened his front door, he saw an unknown female inside his residence, later identified as the defendant. The victim slammed the door and called 9-1-1. He pointed out that he did not give the defendant permission to be in his apartment that night and had locked the door before leaving. Deputy Wilkie testified that he and Sergeant Verrette entered the apartment and found the defendant hiding in a bedroom closet. In the incident recording captured on Deputy Wilkie's body camera, the defendant admitted entering the residence through the window.

A rational trier of fact could have found that the evidence was sufficient under the *Jackson* standard to support the defendant's conviction. Thus, our record review indicates no non-frivolous issues regarding the sufficiency of the evidence.

Concerning the multiple offender proceedings, the record shows that the trial judge advised the defendant of her rights. The waiver of rights form and the transcript indicate that the defendant was advised of her right to a hearing, at which the State would have to prove her multiple offender status, and of her right to remain silent throughout the hearing. The defendant was advised of the potential sentencing range as a second-felony offender and the actual sentence she would

receive. The defendant indicated that she had not been forced or coerced into stipulating to the multiple offender bill of information, that she understood her rights and the legal consequences of pleading guilty to the multiple offender bill of information, and that she wished to "plead guilty." The trial judge, after that, accepted the defendant's stipulation to the multiple offender bill as knowingly, intelligently, freely, and voluntarily made. An unconditional plea, willingly and knowingly made, waives any and all non-jurisdictional defects and bars a defendant from later asserting on appeal that the State failed to produce sufficient proof at the multiple offender hearing. *See State v. Thomas*, 20-97 (La. App. 5 Cir. 11/4/20), 306 So.3d 568, 574.

As the defendant's appellate counsel pointed out, the defendant's three-year enhanced sentence was not constitutionally excessive and does not present an issue for appeal.

The defendant's enhanced sentence was imposed per a plea agreement. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence imposed in conformity with a plea agreement that was set forth in the record at the time of the plea. *State v. Washington*, 05-211 (La. App. 5 Cir. 10/6/05), 916 So.2d 1171, 1173. Likewise, this Court has consistently recognized that La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking a review of an enhanced sentence to which the defendant agreed. *State v. Williams*, 12-299 (La. App. 5 Cir. 12/11/12), 106 So.3d 1068, 1075, *writ denied*, 13-109 (La. 6/21/13), 118 So.3d 406. Accordingly, the defendant could not have challenged her enhanced sentence on appeal because the enhanced sentence was imposed following the plea agreement set forth in the record at the time of the plea.

Because the appellate counsel's brief adequately demonstrates by complete discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and an independent review of

the record supports the counsel's assertion, we grant appellate counsel's motion to withdraw as attorney of record.

## ERROR PATENT DISCUSSION

We reviewed the record for patent errors following La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5 Cir. 1990).

The transcript shows that the defendant was not advised of the provisions of La. C.Cr.P. art. 930.8; however, the minute entry reflects she was advised of these provisions. When there is a discrepancy between the transcript and the minute entry, the transcript prevails. *State v. Lynch*, 441 So.2d 732, 734 (La. 1983). If a trial court fails to advise or provides an incomplete advisal, according to La. C.Cr.P. art. 930.8, the appellate Court may correct this error by informing the defendant of the applicable prescriptive period for post-conviction relief through its opinion. *State v. Becnel*, 18-549 (La. App. 5 Cir. 2/6/19), 265 So.3d 1017, 1022. Accordingly, we advise the defendant that no application for post-conviction relief, including applications seeking an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C.Cr.P. arts. 914 or 922.

## CONCLUSION

We affirm the defendant's convictions and sentence for the preceding reasons and grant the appellate counsel's motion to withdraw.

**AFFIRMED; MOTION TO WITHDRAW GRANTED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**DECEMBER 18, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-KA-115

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
DARREN A. ALLEMAND (APPELLEE)      THOMAS J. BUTLER (APPELLEE)      HOLLI A. HERRLE-CASTILLO
                                                                    (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053