GAUDIN, Judge.
Appellant Karen Brooks was tried before a district judge and a jury on June 25,1991. The judge heard misdemeanor charges of battery of a police officer and resisting arrest while at the same time a jury heard a felony charge, simple burglary of an inhabited dwelling. Brooks was found guilty of all charges.
For each of the misdemeanors, Brooks was sentenced to 15 days in parish prison, to run concurrent with each other (and with a sentence imposed for the felony conviction). This opinion concerns only the lesser convictions, not the felony conviction which is being considered in a different opinion, State v. Brooks, 594 So.2d 11.
Separate bills of information were filed. The misdemeanor counts were listed in one bill and the felony charge in another. This was required by LSA-C.Cr.P. art. 493, which states that two or more offenses may be charged in the same bill of information (or indictment) only if they are triable by the same mode of trial.
On appeal, Brooks filed one brief under both case numbers. The brief deals solely with the felony matter. There are no assignments of error related to the misdemeanor convictions.
Trial testimony indicated that on December 3, 1990, police officer Steven Bircher was dispatched to investigate a reported burglary in progress at a Marrero residence. When he arrived at the alleged crime scene, he found that a screen had been pried from a window. The deputy then continued to the rear of the house where he observed Brooks and a male companion exiting a rear door.
Bircher immediately identified himself as a policeman. He ordered the pair to stop and he said he was placing them under arrest. The two suspects fled.
Brooks, with Bircher in pursuit, eventually crawled under a truck. The deputy again identified himself as a police officer and ordered Brooks to come out as she was under arrest. When Brooks refused to come from beneath the vehicle, Bircher was forced to crawl under the truck and physically remove her.
As soon as she was out, Brooks began punching Bircher in the chest. Brooks con *779 tinued hitting the officer until Bircher was able to restrain her.
The trial judge found Brooks guilty of battery of a police officer (LSA-R.S. 14:34.2) and resisting an officer (LSA-R.S. 14:108), offenses triable by a judge because the maximum sentence for each does not exceed six months. This Court does not have jurisdiction by regular appeal in such cases, the appropriate remedy being an application for supervisory writs. However, in matters such as this and in the interests of judicial economy, there is authority for this Court to consider the misdemeanor appeal as a petition for supervisory writs. See City of New Orleans v. Ballan-saw, 475 So.2d 768 (La.1985), and State v. Cologne, 562 So.2d 24 (La.App. 5 Cir.1990).
In any event, the testimony and evidence fully support the misdemeanor convictions and sentences. We searched for errors patent and found none.
AFFIRMED; PETITION FOR WRITS DENIED.