868 So.2d 881 (2004)
STATE of Louisiana
v.
Danny LATHERS, Jr.
No. 03-KA-941.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 2004.
*882 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Andrea F. Long, R. Christopher Cox, Assistant District Attorneys, 24th Judicial District, State of Louisiana, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Holli Herrle-Castillo, Louisiana Appellate Project, Marrero, LA, for Defendant/Appellant.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SOL GOTHARD, Judge.
Defendant, Danny Lathers, Jr., was charged with possession of marijuana, third offense, in violation of LSA-R.S. 40:966(C). Thereafter, the bill of information was amended to add a second count of possession of marijuana, third offense. Count two only was tried on January 23, 2003 before a six-person jury which found *883 defendant guilty as charged, and the trial court sentenced defendant on count two to imprisonment at hard labor for one year and six months. On January 29, 2003, the date of sentencing, defendant withdrew his not guilty plea and entered a plea of guilty on count one. The trial court sentenced defendant on count one to imprisonment at hard labor for one year and six months, with the sentences on counts one and two to run concurrently, and it recommended the Impact Program. Defendant's untimely motion to reconsider sentence was denied by the trial court.
In this appeal, defendant challenges only the January 23, 2003 jury verdict, as is evidenced by defendant's notice of intent to appeal and his brief. For the reasons that follow, we affirm the defendant's conviction and sentence.
At trial, the state's witness Kenner Police Department Detective Ray Suarez, testified that his office received complaints regarding drug activity at 3904 Delaware Avenue, Apartment A, in Kenner. The officers conducted surveillance and noticed that there were a lot of people coming and going from the apartment and only staying for a few minutes.
On March 18, 2002, Det. Suarez monitored an undercover agent making a controlled purchase of marijuana from that location. Det. Suarez then obtained a search warrant. On March 28, 2002, Det. Suarez and several other officers arrived at the location, and executed the search warrant. Defendant and his girlfriend, later identified as Keshia Jenkins, were present during the search. Ms. Jenkins told Det. Suarez that she and her boyfriend, defendant, lived there.
As a result of the search, the officers discovered marijuana inside of a purple Crown Royal bag on the bed and a gun and some ammunition under the bed inside of a safe. They also located a cable guide magazine with defendant's name and address on it. The officers arrested defendant and Ms. Jenkins for possession of marijuana, took them to Kenner lockup, and read them their rights again.
The state and the defense stipulated to defendant's prior convictions for possession of marijuana. (State's Exhibits 1, 2, and 3: certified copies of the convictions in case numbers 99-1978, 98-4826, and 95-4100, respectively).
The state and the defense also stipulated to the lab report, State's Exhibit 4, which indicates that specimen number 1 was a clear plastic bag containing marijuana with a gross weight of 4.89 grams and that specimen number 2 was one purple Crown Royal bag containing a plastic bag filled with marijuana with a gross weight of 48.4 grams.
At trial, Ms. Jenkins, testified that she and defendant lived together with their child and her two children. She explained that, on March 28, 2002, she left work, stopped to buy $50 worth of marijuana, and went home. When she got home she went straight to her room, put her purse and the marijuana on the side of the bed, put her night clothes on, and went to sleep. Everyone else was sleeping at the time. She was awakened during the night by knocks on the door. The officers entered the residence, searched the apartment, and found the marijuana. She was arrested for possession of marijuana and pled guilty. Ms. Jenkins testified that she did not ordinarily share her marijuana with defendant, and that defendant never smoked or possessed marijuana in her presence. She explained that defendant knew about the safe under the bed, but that he did not keep anything in there. She further testified that when she purchased the marijuana it was in a small Ziploc bag, but that when the officers *884 found it, "the whole thing" was in a Crown Royal bag.
Defendant testified that, on March 28, 2002, he got off work and went home at approximately 4:00 p.m. He went to sleep because he was tired. He was later awakened by Ms. Jenkins who told him that someone was banging on the door. They both got up and looked to see where the knocking was coming from. The officers subsequently pointed their weapons at them and told them to get down. They handcuffed him and Ms. Jenkins and started searching the house.
Defendant explained that he never saw the bag of marijuana before the day of trial, and that he did not see it on the night in question. He testified that he knew Ms. Jenkins used marijuana occasionally, and that he did not know if she brought marijuana into the apartment. Defendant further testified that he had used marijuana a long time ago, but that he had made a decision to change his life because he had nine children to raise.
After hearing the evidence, the jury found defendant guilty as charged.
In this appeal, defendant argues that the evidence was legally insufficient to support his conviction for possession of marijuana, third offense. He contends that the state failed to prove that he knowingly or intentionally possessed the marijuana. He points out that Keshia Jenkins, his girlfriend, pled guilty to possessing that same marijuana in a different case. Defendant claims that there was no evidence that he knew the marijuana was in his apartment, that he knew Ms. Jenkins had brought the marijuana into the apartment, or that he had recently used drugs. He further claims that there was no evidence to contradict the testimony of Ms. Jenkins that she obtained the marijuana on her own, left it on the bed on her own, and went to sleep without defendant knowing about it. He states that he was nowhere near the drugs when the police found it, and that he was not behaving like someone who knew he had illegal contraband in his home, i.e., he did not try to dispose of the drug when he heard someone breaking down the door.
Defendant does not dispute that he had two prior convictions for possession of marijuana and, in fact, notes that he stipulated to those prior convictions and admitted to them during his testimony. He also does not dispute that the marijuana was found in the apartment he shared with Ms. Jenkins.
The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypotheses of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Guccione, 96-1049 (La.App. 5 Cir. 4/29/97), 694 So.2d 1060, 1067, writ denied, 97-2151 (La.3/13/98), 712 So.2d 869.
To support a conviction for possession of marijuana, third offense, the state must prove that defendant was in possession of marijuana, that he knowingly possessed it, and that he had two prior *885 convictions for possession of marijuana. LSA-R.S. 40:966(C); LSA-R.S. 40:966(E)(3). The state, however, need only establish constructive possession of a controlled dangerous substance, rather than actual possession, to support a conviction. State v. Kempton, 01-572 (La.App. 5 Cir. 12/12/01), 806 So.2d 718, 723. A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Id.
A subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs. State v. Marshall, 02-1067 (La.App. 5 Cir. 2/25/03), 841 So.2d 881, 888, writ denied, 03-909 (La.9/26/03), 854 So.2d 345.
Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 117, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464. Proximity to the drug, or association with the possessor, may establish a prima facie case of possession when colored by other evidence. State v. Johnson 404 So.2d 239, 245 (La. 1981), cert. denied, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982). However, the mere presence of the defendant in the area where a controlled dangerous substance is found, or mere association with a person in possession of the substance, is insufficient to constitute constructive possession. State v. Cann, 319 So.2d 396, 397 (La.1975).
Several factors may be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession. They are (1) the defendant's knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; (5) the existence of paraphernalia; and (6) evidence that the area was frequented by drug users. State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 69, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118, citing State v. Appacrombie, 616 So.2d 285, 288 (La.App. 2 Cir. 1993), writ denied, 623 So.2d 1302 (La. 1993).
In this case, we find that the evidence supports the finding that defendant exercised dominion and control over the marijuana sufficient to constitute constructive possession. Although defendant claimed that he knew nothing about the drugs, his guilty knowledge can be inferred from the circumstances. First of all, a cable guide addressed to defendant was found in the apartment, indicating that defendant resided there. Secondly, the evidence indicated that there was drug activity occurring in defendant's apartment, in that Det. Suarez testified that he received narcotics complaints regarding defendant's residence, and that surveillance showed a lot of people going in and out of the apartment, staying for short periods of time, and then leaving. Thirdly, there was evidence that the black male who resided at 3904 Delaware Avenue, Apartment A, sold marijuana to an undercover agent eight days before the search warrant was executed. Finally, the marijuana in the Crown Royal bag was found in defendant's apartment on top of the bed in which he had just recently been sleeping, and that he shared with Ms. Jenkins.
The jury apparently found the testimony of the state's witness to be more credible and rejected the testimony of defendant and Ms. Jenkins that the drugs *886 did not belong to defendant and that he had no knowledge of them or how they got into his apartment. The credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. The credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056.
Based on our review of the record, we find that the state sufficiently proved beyond a reasonable doubt that defendant was guilty of possession of marijuana, third offense. In accord, see State v. Booth, 98-2065 (La.App. 4 Cir. 10/20/99), 745 So.2d 737, 741-743.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). This review was limited to defendant's appeal from the jury verdict and sentence on count 2, the only matters before this Court on appellate review. The review reveals no errors patent in this case.
In accordance with the foregoing, the defendant's conviction and sentence is affirmed.
AFFIRMED.