904 So.2d 825 (2005)
STATE of Louisiana
v.
Latour O. TURNER.
No. 05-KA-60.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 2005.
*826 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, State of Louisiana, Gretna, Louisiana, for Plaintiff/Appellee.
Jane L. Beebe, Louisiana Appellate Project, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, THOMAS F. DALEY and MARION F. EDWARDS.
*827 MARION F. EDWARDS, Judge.
Defendant, Latour O. Turner, was charged by bill of information with possession of marijuana, third offense, in violation of LSA-R.S. 40:966(C). Turner pled not guilty to this charge on October 27, 2003. Subsequently, his motion to suppress evidence was denied, and probable cause was found.
The bill of information was amended to correct what appears to be a typographical error of a case number for a prior conviction and to add case number 01-6725 as a third predicate conviction. A jury trial commenced, following which trial a verdict of guilty as charged was returned. Thereafter, Turner filed a motion for a new trial which was denied, and Turner was sentenced to imprisonment for five years at hard labor. He later filed an application for post-conviction relief and was granted an out-of-time appeal.
According to testimony given at trial, Deputy Janice Griffin was patrolling the area of River Road and Ferry Road when she observed a parked vehicle on the side of the road. Deputy Griffin testified that the inside of the vehicle appeared to be smoky and foggy. Knowing that this was a high drug area and that the area usually did not have traffic at that time, she became suspicious and decided to investigate. She approached the vehicle and asked the two occupants, Sabrina Bourgeois and defendant, to exit the vehicle. Deputy Griffin observed Turner exit the vehicle and discard a brown object. Because she noticed a strong smell of marijuana emitting from the vehicle when the door was opened, Deputy Griffin called a K9 unit to the scene. The K9 search resulted in the finding of eight small baggies of marijuana under the driver's seat of the vehicle, where Sabrina Bourgeois was sitting. In addition, Xanax was found on the driver's seat.
Deputy Griffin testified that, as soon as the second deputy arrived at the scene, she went to retrieve the item discarded by Turner. She testified that she found a cigar in the proximity where she observed the object land and it was the only item in the proximity that had no moisture on it on this misty night. A chemical field test was performed and the material in the bags and the cigar tested positive for marijuana. Sabrina Bourgeois and Turner were arrested. Daniel Waguespack, an expert in identification and analysis of controlled dangerous substances, tested vegetative material removed from four of the eight bags and from the burned portion of the cigar. The test results proved the material was marijuana. Although these items were not tested for DNA or fingerprints, he testified that such testing was rare.
Sabrina Bourgeois testified that she was eating when the police approached and searched the vehicle. She stated that she and Turner were not smoking. She further testified that the drugs found belonged to her and that, on January 5, 2004, she pled guilty to charges of possession of marijuana and Xanax. She stated that the blunt (the cigar) was in the bag with the marijuana under her seat.
Ernest Buckner, Jr., a probation officer who supervises Turner, identified him in court and testified as to three of his prior convictions for possession of marijuana.
In brief to this Court, Turner presents one issue for our review. He argues that the evidence presented at trial was legally insufficient to support his conviction because the State failed to prove possession of the marijuana beyond a reasonable doubt.
In considering the sufficiency of the evidence, the standard for appellate *828 review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1] When circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that assuming every fact to be proved that the evidence tends to prove, to convict it must exclude every reasonable hypothesis of innocence.[2] However, this requirement of La R.S. 15:438 does not establish a standard that is separate from the Jackson standard, but instead provides a helpful methodology for determining the existence of reasonable doubt.[3] To support the conclusion that the defendant is guilty beyond a reasonable doubt, all evidence, both direct and circumstantial, must be sufficient.[4]
To support a conviction for possession of marijuana, third offense, the State must prove that the defendant was in possession of marijuana, that he knowingly possessed the marijuana, and that he had two prior convictions for possession of marijuana.[5] It is sufficient for the State to establish constructive possession of a controlled dangerous substance, rather than actual possession to support a conviction.[6] Even if the drug is not in his physical custody, a person may be in constructive possession of the drug if it is subject to his dominion and control. Likewise, "[a] subject can have constructive possession if he jointly possesses drugs with a companion and if he willfully and knowingly shares with his companion the right to control of the drugs."[7] Guilty knowledge, which may be inferred from the circumstances, is an essential element of the crime of possession of contraband.[8] When colored by other evidence, proximity to the drug, or association with the possessor, may establish a prima facie case of possession.[9] However, the defendant's mere presence in the area where a controlled dangerous substance is found, or the mere association with a person in possession of the substance is insufficient to constitute constructive possession.[10]
Several factors may be considered to determine whether the defendant exercised dominion and control sufficient to constitute constructive possession: (1) the defendant's knowledge that illegal drugs were in the area; (2) his relations with the person found to be in actual possession; (3) the defendant's access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; (5) the existence of paraphernalia; and (6) evidence that the area was frequented by drug users.[11]
*829 Applying the above cited law, we find that the evidence supports the finding that Turner exercised dominion and control over the marijuana found under the driver's seat sufficient so as to constitute constructive possession. Turner's guilty knowledge can be inferred from the circumstances. Deputy Griffin testified that the car appeared foggy and smoky as she approached and that she recognized the smell of marijuana when the vehicle's doors opened. She also testified that the vehicle was parked in a high drug area. Although Sabrina Bourgeois testified that the marijuana belonged to her, the jury obviously concluded that Turner shared possession of this marijuana and had access to it. Moreover, Deputy Griffin testified that she observed Turner in actual possession of a brown object he discarded while exiting the vehicle. This brown object was later determined to be a marijuana cigar.
The jury apparently found the testimony of Deputy Griffin to be more credible and rejected the testimony of Sabrina Bourgeois who testified that the cigar blunt was in the bag of marijuana under the driver's seat, all of which belonged to her. If the cigar was at one time in the bag under the driver's seat, Turner would have had access to this since he was later seen discarding the cigar. The credibility of the witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness; therefore, the credibility of witnesses will not be reweighed on appeal.[12]
We find no merit in this assignment and find that, after viewing the evidence in the light most favorable to the State, the State sufficiently proved beyond a reasonable doubt that Turner was knowingly in possession of marijuana.
However, on a review of the record for errors patent in accordance with La.C.Cr.P. art. 920, we conclude the finding that this was a third offense of possession of marijuana for Turner is not supported by the record. Both the Louisiana Supreme Court and this Court have conducted patent error reviews of sufficiency of evidence, even where the defendant fails to raise the issue on appeal.[13] Thus, although the issue of sufficiency of evidence used to support the predicate offenses was not raised on appeal, this Court will examine that matter.
To support a conviction for possession of marijuana, third offense, besides proving that the defendant was in possession of marijuana and that he knowingly possessed it, the State must prove that he had two prior convictions for possession of marijuana.[14] Thus, the existence of the prior two offenses are an essential element of the crime. If a rational trier of fact, viewing evidence in accordance with Jackson v. Virginia, supra, in the light most favorable to the prosecution, could not reasonably conclude that all of the offense's essential elements have been proved beyond a reasonable doubt, the accused may be entitled to an acquittal.[15]
To prove its case, the State introduced two minute entries, dated October 19, 1998 *830 and January 23, 2002 respectively, showing a Latour Turner, born July 10, 1978, pled guilty to possession of marijuana. A third minute entry, also dated January 23, 2002, shows that Turner pled guilty to second offense possession of marijuana.
The State offered the testimony of Ernest Buckner, Turner's parole officer. He testified that he was not supervising Turner at the time of the October 19, 1998 conviction. After a defense objection to that testimony was sustained, the prosecution attempted to lay a foundation for Mr. Buckner's testimony. The State asked Mr. Buckner how many times Turner had pled or been found guilty of possession of marijuana. Mr. Buckner responded, "[i]f I can recall from his records, I think it's maybe three." From the documents introduced, Mr. Buckner concluded that Mr. Turner, born July 10, 1978, had three convictions of possessions of marijuana.
While we find there was a lack of direct evidence presented to the jury to link Turner with the defendant in the records presented by the State, we note that Mr. Buckner identified Turner as the individual he was supervising for a prior possession of marijuana prior conviction.
La.C.Cr.P. art 821(E) provides that
If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.
La.C.Cr.P. art 815(2) provides that a responsive verdict can be guilty to a lesser and included grade of the offense even if the offense charged is a felony and the lesser offense a misdemeanor. Considering the above, we find the evidence presented at trial was sufficient to prove that Turner is guilty of a possession of marijuana second offense.
For the foregoing reasons, we modify the conviction to show that Turner is guilty of possession of marijuana, second offense. We vacate the sentence and remand the matter for re-sentencing.
JUDGMENT MODIFIED, SENTENCE VACATED, MATTER REMANDED.
NOTES
[1] Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) (emphasis as found in the original) (citation omitted).
[2] State v. Lathers, 03-941 (La.App. 5 Cir. 2/23/04), 868 So.2d 881, 884.
[3] Id.
[4] Id. (citation omitted).
[5] State v. Lathers, 868 So.2d at 884-885.
[6] Id. at 885.
[7] Id. at 885 (citing State v. Marshall, 02-1067 (La.App. 5 Cir. 2/25/03), 841 So.2d 881, 888, writ denied, 03-0909 (La.9/26/03), 854 So.2d 345).
[8] State v. Gentras, 98-1095 (La.App. 5 Cir. 3/30/99), 733 So.2d 113, 117, writ denied, 99-1302 (La.10/15/99), 748 So.2d 464 (citation omitted).
[9] Id.
[10] State v. Cann, 319 So.2d 396, 397 (La. 1975).
[11] State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 69, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118 (citation omitted).
[12] State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056 (citation omitted).
[13] State v. Raymo, 419 So.2d 858, 861 (La. 1982). See also, State v. Bowers 01-120 (La. App. 5 Cir. 7/30/01), 792 So.2d 908.
[14] State v. Lathers, 868 So.2d at 884-885 (citing La. R.S. 40:966(C); La. R.S. 40:966(E)(3)).
[15] State v. Hearold, 603 So.2d 731, 734 (La. 1992); Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981).