2016-334 (La.App. 5 Cir. 12/7/16)
**STATE of Louisiana**

v.

**Clarence SAYLES**

**NO. 2016–KP–334**

Court of Appeal of Louisiana,
Fifth Circuit.

December 7, 2016

COUNSEL FOR PLAINTIFF/RE-SPONDENT, STATE OF LOUISIANA, Paul D. Connick, Jr., Terry M. Boudreaux

COUNSEL FOR DEFENDANT/RE-LATOR, CLARENCE SAYLES, Gwendolyn K. Brown

Panel composed of Jude G. Gravois, Robert A. Chaisson, and Stephen J. Windhorst

CHAISSON, J.

Defendant, Clarence Sayles, seeks review of his two misdemeanor convictions for resisting an officer. For the reasons set forth herein, we affirm defendant's convic-

tions and sentences. Additionally, we grant appellate counsel's motion to withdraw as attorney of record for defendant.

**PROCEDURAL HISTORY**

On February 19, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with two counts of resisting an officer, in violation of La. R.S. 14:108. At the February 20, 2015 arraignment, defendant pled not guilty. On October 28, 2015, the matter proceeded to trial before a district court judge, who found defendant guilty as charged on both counts.[1]

On November 12, 2015, defendant filed a motion for new trial on the basis that the law and evidence did not support his convictions. The trial court denied defendant's motion and then sentenced him to imprisonment in the parish prison for six months on each count, suspended the sentences, and placed him on inactive probation for six months.[2]

Defendant thereafter filed a motion for appeal seeking review of his misdemeanor convictions. However, the proper procedure for seeking review of a misdemeanor conviction not triable by a jury is an application for writ of review directed to this Court to exercise its supervisory jurisdiction, not an appeal. See La. C.Cr.P. art. 912.1(C)(1), La. C.Cr.P. art. 779, and La. C.Cr.P. art. 493.1. Rather than dismissing defendant's appeal, this Court, in accordance with an internal policy, changed the designation of this appeal from "KA" to "KP," thus allowing supervisory review of defendant's misdemeanor convictions.

---

1. Defendant was also charged in a separate bill of information with theft of goods having a value of over $500.00, in violation of La. R.S. 14:67.10. This felony offense proceeded to a jury trial simultaneously with the bench trial for the misdemeanor offenses. At the conclusion of the proceedings, the jury found defendant guilty of felony theft (24th Judicial District Court Case Number 15–1036). Defendant's felony conviction is presently before this Court for review on appeal in Case Number 16–KA–333.

2. The two misdemeanor sentences were ordered to run concurrently with each other and with the sentence in the felony case.

## FACTS

This case arises from an incident that occurred at a Marrero Wal–Mart on December 4, 2014. As defendant was leaving the store, Wal–Mart employees stopped him and asked him to produce the receipt for the sixty-inch television that was in his shopping cart. After reviewing the receipt, the employees determined that the serial number on the receipt, which ended in "144," did not match the serial number on the television in his shopping cart, which ended in "143." During the stop by Wal–Mart employees, defendant called 9–1–1 to report that he was being unlawfully detained as he was trying to leave the store with a television he had purchased.

Deputies Alvin Farris and William West of the Jefferson Parish Sheriff's Office responded to the call. Upon their arrival, the officers spoke to defendant, who only identified himself as "Clarence" and stated that he was being wrongfully detained. At trial, Deputy West testified that he asked defendant for his identification several times, but defendant refused to give the officers his last name or any type of identification. Deputy Farris corroborated Officer West's testimony that defendant would only provide the officers with his first name. In addition to speaking with defendant, the officers talked to Wal–Mart employees and compared defendant's receipt to the television in his shopping cart. After considering all available information, the officers decided to arrest defendant for theft of the television.

At trial, the officers testified regarding their problems transporting defendant while in the store. They explained that on the way to the loss prevention office, de-fendant fell to the ground for no apparent reason, refused to walk on his own, and did not cooperate. Defendant also refused to stand up or straighten his legs ₃when asked to do so by the officers. The officers had to thereafter carry defendant to the loss prevention office.

## DISCUSSION

Defendant now seeks review of his misdemeanor convictions; however, he does not raise any specific issues. Instead, appointed appellate counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)[3] and *State v. Jyles*, 96–2669 (La. 12/12/97), 704 So.2d 241 (*per curiam*), asserting that she has thoroughly reviewed the trial court record and cannot find any ruling of the trial court or non-frivolous issues to raise on appeal.

In her brief, appellate counsel set forth the facts and procedural history of the case and noted that there were no pre-trial rulings or motions from which to appeal. Further, counsel thoroughly discussed the sufficiency of the evidence and concluded that the evidence presented was sufficient to support defendant's convictions for resisting an officer under La. R.S. 14:108. Appellate counsel particularly noted the testimony of Officers West and Farris that defendant refused to provide them with his last name or any identification pursuant to their request. In addition, appellate counsel observed that no objections were lodged to the admission of any evidence related to these misdemeanor offenses, that the motion for new trial based on the sufficiency of the evidence was not supported by the record, and that the sen-

---

**3.** With respect to an *Anders* review, this Court generally does not conduct an *Anders* review on writ applications involving misdemeanor convictions. It is noted that *Anders* itself involved a felony conviction. Nevertheless, this Court has in the past conducted an *Anders* review of misdemeanor convictions, which were consolidated with appeals from the defendant's felony convictions. *See State v. Lyons*, 13–180 (La.App. 5 Cir. 10/9/13), 128 So.3d 407.

tences imposed were within the statutory range for the offenses.

Based on her thorough review of the record, appellate counsel concluded that there were no non-frivolous issues to present on appeal and no ruling of the ₄trial court that arguably supports an appeal.[4] Accordingly, appellate counsel requested to withdraw from further representation of defendant. Appellate counsel advised this Court that she notified defendant of his right to file a *pro se* brief in this case, and we note that this Court sent defendant a letter by certified mail informing him that an *Anders* brief had been filed on his behalf and that he had a right to file a *pro se* supplemental brief. As of the date of this opinion, no *pro se* supplemental brief has been filed.[5]

This Court has performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appellate record. Our independent review reveals no non-frivolous issues or trial court rulings that arguably support an appeal. In addition, we have reviewed the record for sufficiency of the evidence and agree with appointed appellate counsel's conclusion that, under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the evidence presented by the State was sufficient to prove defendant's guilt on both counts of resisting an officer. Accordingly, defendant's convictions and sentences are affirmed. Appellate counsel's motion to withdraw as attorney of record for defendant, which has been held in abeyance pending disposition of this matter, is granted.

4. In the appellate brief, defendant's appointed counsel also requests an errors patent review. Although La. C.Cr.P. art. 920 indicates that errors patent reviews are conducted on appellate review, this Court has considered a misdemeanor appeal as an application for supervisory review and has conducted a review for errors patent. *See State v. Brooks*, 595 So.2d

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

2016-0639 (La.App. 4 Cir. 12/14/16)

777 (La. App. 5th Cir. 1992); *State v. Carruth*, 94–147, 94–148 (La.App. 5 Cir. 9/27/94), 643 So.2d 1319. Accordingly, although not required to do so, we have reviewed the record for errors patent and have found none.

5. It is noted that the certified letter was returned to this Court unclaimed by defendant.