STATE OF LOUISIANA

VERSUS

SHAWN A. CLARK

NO. 19-KA-522

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 18-2759, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

June 24, 2020

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Jude G. Gravois

**<u>JUDGMENT OF CONVICTION MODIFIED; SENTENCE VACATED;</u>**
**<u>MATTER REMANDED FOR RESENTENCING</u>**
    **JGG**
    **SMC**
    **FHW**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
     Honorable Paul D. Connick, Jr.
     Thomas J. Butler
     Andrea F. Long
     Rachel L. Africk
     Lynn Schiffman

COUNSEL FOR DEFENDANT/APPELLANT,
SHAWN A. CLARK
     Cynthia K. Meyer

**GRAVOIS, J.**

Defendant/appellant, Shawn A. Clark, appeals his conviction and sentence for possession of marijuana, second offense, in violation of La. R.S. 40:966(C). Defendant was found guilty after a bench trial.[1] On appeal, defendant argues that the trial judge erred in denying his motion to recuse on the basis that prior to becoming a district court judge, the judge had been employed as an assistant district attorney and had prosecuted defendant on a previous charge that was used as a predicate offense in the habitual offender bill of information that was filed in defendant's companion felony case.

For the following reasons, we find no merit to defendant's assignment of error. However, upon our errors patent review, we find that the State failed to present sufficient evidence to prove that defendant committed possession of marijuana, second offense. Consequently, we modify defendant's conviction to possession of marijuana, first offense, vacate defendant's sentence, and remand the matter to the trial court for resentencing.

## PROCEDURAL HISTORY

On May 14, 2018, the Jefferson Parish District Attorney filed a bill of information charging defendant, Shawn A. Clark, with possession of marijuana, second offense, in violation of La. R.S. 40:966(C). On August 13, 2018, defendant pled not guilty at his arraignment.

Various pretrial motions were filed. A two-day bench trial began on June 24, 2019. On June 25, 2019, the defense made an oral request to recuse the trial court judge and/or for a mistrial, which the trial court denied. Trial concluded the

---

[1] Defendant's companion felony charge for possession with intent to distribute methamphetamine weighing less than twenty-eight grams, in violation of La. R.S. 40:967(A), was heard simultaneously before a six-person jury. The appeal in that case is currently pending before this Court as companion case number 19-KA-518.

same day with the judge finding defendant guilty as charged.[2]  On June 27, 2019, defendant was sentenced in this case to fifteen days imprisonment in the parish prison.  The trial court further ordered defendant's misdemeanor sentence to run concurrently with the sentence imposed that same day on defendant's felony conviction.

On July 26, 2019, defendant filed a motion for an appeal regarding his verdict rendered on June 25, 2019, the sentences imposed on June 27, 2019, and his habitual offender sentence imposed on July 15, 2019.  On July 30, 2019, the trial court granted the appeal.

Defendant now appeals, challenging the trial court's denial of his motion to recuse.

## JURISDICTIONAL NOTE

This Court's appellate jurisdiction extends only to cases that are triable by a jury.  *State v. Chess*, 00-164 (La. App. 5 Cir. 6/27/00), 762 So.2d 1286, 1287 (citing La. Const. of 1974, art. 5 § 10; La. C.Cr.P. art. 912.1).  Unless the punishment that may be imposed exceeds six months imprisonment, a misdemeanor is not triable by a jury.  *Chess*, *supra* (citing La. Const. of 1974, art. 1 § 17; La. C.Cr.P. art. 779;[3] *State v. Robinson*, 94-864 (La. App. 5 Cir. 3/15/95), 653 So.2d 669, 670).

In the present case, defendant was charged with possession of marijuana, second offense, in violation of La. R.S. 40:966(C), a misdemeanor carrying a fine of not more than one thousand dollars and/or imprisonment in the parish jail for not more than six months.  *See* La. R.S. 40:966.  Defendant's misdemeanor offense

---

[2] On the same day, defendant was also simultaneously found guilty by jury trial of possession with intent to distribute methamphetamine weighing less than twenty-eight grams, a felony, under district court case number 18-2756.

[3] La. C.Cr.P. art. 779(A) provides: "A defendant charged with a misdemeanor in which the punishment, as set forth in the statute defining the offense, may be a fine in excess of one thousand dollars or imprisonment for more than six months shall be tried by a jury of six jurors, all of whom must concur to render a verdict."

was thus not triable by a jury. Defendant's misdemeanor offense was tried by bench trial simultaneously with defendant's felony offense which was filed in a separate bill of information. The proper procedure for seeking review of a misdemeanor conviction is an application for a writ of review directed to this Court to exercise its supervisory jurisdiction. *See* La. C.Cr.P. art. 912.1(C)(1); *State v. Trepagnier*, 07-749 c/w 07-750 (La. App. 5 Cir. 3/11/08), 982 So.2d 185, 188, *writ denied*, 08-784 (La. 10/24/08), 992 So.2d 1033.

However, this Court has previously, in similar cases, reviewed misdemeanor convictions and sentences on appeal when the companion misdemeanor and felony convictions are so intertwined that the interest of justice and judicial economy dictated that the matters be considered together. *See State v. Blackwell*, 18-118 (La. App. 5 Cir. 12/27/18), 263 So.3d 1234, 1239; *State v. Carroll*, 16-599 (La. App. 5 Cir. 2/8/17), 213 So.3d 486, 488; *State v. Jones*, 12-640, 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 440-43; *State v. Christophe*, 12-82, 12-83 (La. App. 5 Cir. 10/16/12), 102 So.3d 935, *writ denied*, 12-2432 (La. 4/19/13), 111 So.3d 1029.

In the present case, defendant's misdemeanor and felony offenses arose out of the same facts, were ultimately charged in separate bills of information, and were tried simultaneously by a jury trial and a bench trial. Upon review, because the facts and arguments presented on appeal in defendant's misdemeanor case are the same as the facts and arguments presented on appeal in one of the assignments of error in defendant's felony case, we find that defendant's misdemeanor and felony convictions are so intertwined that the interest of justice and judicial economy dictate that we consider these matters together on appeal. *State v. Blackwell*, *supra*. We, however, render separate opinions on defendant's misdemeanor conviction and sentence and his felony conviction and sentence.

## FACTS

Detectives Blaine Howard and Daniel Lassus, then with the Project STAR division of the Jefferson Parish Sheriff's Office, were investigating information received from a confidential informant regarding narcotics distribution by Tony Ford.[4] They surveilled Mr. Ford and his residence in an unmarked police car on several different dates. Until January 20, 2018, the detectives saw nothing significant.

Both detectives testified that on January 20, 2018, shortly after arriving at Mr. Ford's home, they observed a blue Lexus vehicle arrive and park in front of Mr. Ford's home around 7:00 p.m. The driver of the Lexus was later identified as defendant Shawn Clark. Defendant parked a short distance from the detectives on the opposite side of the street, facing their vehicle. Defendant remained in his vehicle; Mr. Ford exited his residence and entered the front passenger door of the vehicle. Both detectives testified that Mr. Ford was in the vehicle for less than one minute and that a visit of this short duration was consistent with a drug transaction.

The detectives testified that Mr. Ford re-entered his home and the blue Lexus drove away. The detectives followed the vehicle.[5] While following the vehicle, the detectives observed that defendant failed to signal several lane changes, the license plate illuminator bulb was out, and there was a cover over the license plate. They conducted a traffic stop of defendant by activating the lights and siren on their vehicle.

Detective Howard testified that after exiting their vehicle, both detectives approached defendant's vehicle from the rear with illuminated flashlights in their

---

[4] Detectives later obtained a search warrant for Mr. Ford's residence and found cocaine and marijuana. Detectives did not locate any money in Mr. Ford's residence. Mr. Ford was charged with possession of cocaine in the same felony bill of information that charged defendant.

[5] Detective Howard testified that they followed defendant's vehicle for a short distance as opposed to immediately stopping him so as to not alert Mr. Ford of their investigation. Detective Lassus testified to similar reasons for the delay.

hands. Detective Howard stated that he observed defendant move towards the center console of the vehicle and throw a white pill bottle on the back passenger floorboard. Detective Lassus similarly testified that he saw defendant's hands moving around the center console and then saw him drop a white item behind the rear passenger seat. Detectives Howard and Lassus testified that Detective Lassus approached the open driver's window of defendant's vehicle and told Detective Howard that he smelled marijuana. Detective Lassus ordered defendant out of the vehicle; defendant complied. Defendant was *Mirandized* [6] and placed in handcuffs.

Detective Howard testified that he asked defendant for his driver's license, which was suspended, and asked to search defendant's vehicle, to which defendant consented. Detective Lassus searched the vehicle and located a white pill bottle on the rear passenger floorboard containing marijuana and forty-six multi-colored pills. After locating the pill bottle and its contents, defendant was placed under arrest for possession with intent to distribute based on the quantity of the pills.[7] While searching defendant, Detective Howard discovered one hundred twenty-two dollars on defendant's person.

Pamela Williams-Cyprian, a forensic scientist at the Jefferson Parish Sheriff's Office Crime Laboratory, testified as to her work analyzing and identifying controlled dangerous substances. She tested the vegetable matter, which tested positive for marijuana and weighed approximately one gram.

Defendant testified at trial that the blue Lexus belonged to his girlfriend and that he was driving it on the day in question to take the car to get the license plate light and window mechanics fixed. On his way to the mechanic, defendant passed

---

[6] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[7] Defendant was also issued a traffic citation at that time. Defendant testified at trial that he did not learn of the citation until it was presented at trial.

Mr. Ford's house and saw him arguing outside with his girlfriend. Defendant testified that he stopped to prevent Mr. Ford from getting into trouble. Defendant admitted that Mr. Ford got into his vehicle. He testified that they had a short conversation during which defendant warned Mr. Ford to stop fighting with his girlfriend to avoid getting himself into trouble, and then Mr. Ford exited the vehicle.

Defendant testified that he left Mr. Ford's house and was pulled over two to three miles later.[8] Defendant stated that he made no movements towards the center console or the glove box. Defendant denied that his window was down, and said that he had no knowledge that the pill bottle was in the car.[9] Defendant testified that he was not read his *Miranda* rights and did not consent to a search of the vehicle. Defendant also testified as to his prior convictions, and acknowledged that he was on parole due to an earlier conviction at the time of his arrest.

## ASSIGNMENT OF ERROR

### *Motion to recuse*

Herein, defendant argues that the trial judge erred in denying his motion to recuse when the record indicates that the trial judge prosecuted defendant in one of the predicate offenses used to adjudicate defendant as a third felony offender.

Defendant argues that the trial judge was made aware that he prosecuted defendant on a prior offense before trial started. Defendant asserts that defense counsel informed the trial judge that if defendant was convicted, the State intended to use that prior conviction as a predicate offense when filing a habitual offender bill of information. Defendant further asserts that he requested that the judge recuse himself at that point, but that the request was denied.

---

[8] Defendant testified that another police officer dressed in army camouflage driving a truck pulled up next to his vehicle, but was dismissed by the officers who initiated the stop.

[9] The State played for the jury a portion of a phone call made by defendant from jail to his girlfriend the day after his arrest. During that phone call, defendant stated that the marijuana was a misdemeanor and that the pills were "not real."

On appeal, defendant argues that contrary to the trial judge's assertion, the judge could not be fair and impartial. Defendant asserts that the State and the judge attempted to pressure defendant into pleading guilty. Defendant contends that the judge's repeated reference to the State's plea offer gives the appearance that the judge thought defendant was guilty before trial. Defendant argues that the trial judge ordered the bailiff to remove Amos St. Cyr, whom he wished to have assist his defense counsel, from the courtroom. Defendant also alleges that the trial judge treated him harshly regarding his failure to return to court after a recess during a previous motions hearing.[10] Defendant concludes that despite the trial judge's denial that he remembered prosecuting defendant, the trial judge should have recused himself, and thus, defendant's conviction and sentence should be vacated.

The State asserts that the trial judge acted appropriately in his denial of the motion to recuse. The State argues that La. C.Cr.P. art. 674 requires a written motion by a party seeking to recuse a judge, and that because defendant failed to file a written motion, there is nothing to review on appeal. The State asserts that even if this Court does look at the merits of the motion to recuse, relief is still not warranted. The State contends that a trial judge is presumed to be impartial and the burden is on the party seeking recusal to prove otherwise. The State argues that if the motion contains valid grounds for recusal, the trial judge must recuse himself or refer the motion to another judge. The State contends that otherwise, the trial judge can overrule the motion.

The State asserts that the situation at hand does not qualify as a reason for recusal under the exhaustive list contained in La. C.Cr.P. art. 671(A). The State contends that previous prosecution on a prior unrelated case does not require

---

[10] Defendant was found in contempt of court for failing to return to court following a recess during a motions hearing.

recusal. The State asserts that recusal for bias, prejudice, and personal interest is also unwarranted. The State rebuts defendant's claim that the trial judge treated defendant harshly. The State asserts that the trial judge's refusal to allow defendant to have Mr. St. Cyr act as special counsel for the defense was legally proper because Mr. St. Cyr was neither counsel of record, nor a licensed Louisiana attorney. The State also argues that neither the State nor the trial judge attempted to pressure defendant into accepting the plea offer, but instead made efforts to ensure that defendant had time to consider the offer. The State contends that the circumstances of defendant's contempt do not support recusal. The State points out that defendant's examples of "harsh treatment" occurred before the judge was even made aware that he previously prosecuted defendant. The trial judge stated that he did not recognize defendant, and defendant does not allege that the judge had any prosecutorial role regarding his current case. The State argues that defendant does not point to any specific ruling indicating bias and that the verdict was returned by a jury. The State further asserts that defendant's habitual offender status was conclusively established by a fingerprint expert and by exhibits. The State contends that defendant did not dispute his prior convictions.

According to the June 25, 2019 minute entry and transcript, defendant orally requested that the trial judge recuse himself and/or grant a mistrial. Defendant stated that during investigations relating to a possible habitual bill proceeding, defendant discovered that the trial judge prosecuted him on one of his predicate offenses from 2007. Defendant acknowledged that there was no indication that he and the trial judge recognized each other. Defendant argued that in his experience, trial judges have recused themselves upon discovering that they are presiding over someone they previously prosecuted. The trial judge reiterated that he and defendant did not recognize each other and stated that he could be fair and

impartial. The trial judge denied the requests, and defendant objected. No written motion to recuse was filed.

A party desiring to recuse a trial judge shall file a written motion assigning the ground for recusal. *State v. Neely*, 08-707 (La. App. 5 Cir. 12/16/08), 3 So.3d 532, 537, *writ denied*, 09-248 (La. 10/30/09), 21 So.3d 272; *State v. Page*, 02-689 (La. App. 5 Cir. 1/28/03), 837 So.2d 165, 181, *writ denied*, 03-951 (La. 11/7/03), 857 So.2d 517 (citing La. C.Cr.P. art. 674).[11] In *State v. Crothers*, 278 So.2d 12, 14 (La. 1973), *cert. denied*, 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973), the Louisiana Supreme Court found that the defendant's motion to recuse was not in writing as required by La. C.Cr.P. art. 674, and therefore, the denial of the oral motion for recusal presented nothing for it to review. (See also: *Neely*, *supra*; *State v. Lewis*, 97-1244 (La. App. 3 Cir. 3/6/98), 728 So.2d 1, 9, *writ denied*, 98-977 (La. 9/18/98), 724 So.2d 752; *State v. Williams*, 96-1587 (La. App. 4 Cir. 4/16/97), 693 So.2d 249, 252-53, *writ denied*, 97-2513 (La. 4/9/98), 717 So.2d 1138; and *State v. Davis*, 485 So.2d 981, 982-83 (La. App. 4 Cir. 1986), *writ denied*, 488 So.2d 1019 (La. 1986); where these appellate courts recognized that there was nothing to review when the defendants orally moved to recuse the trial judges.)

Because defendant failed to file a written motion assigning the ground for recusal, there is nothing for this Court to review. Accordingly, this assignment of error is without merit.

---

[11] La. C.Cr.P. art. 674 sets forth the procedure for recusation of a trial judge:

A party desiring to recuse a trial judge shall file *a written motion therefor* assigning the ground for recusation. The motion shall be filed prior to commencement of the trial unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after the facts are discovered, but prior to verdict or judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion for hearing to another judge or to a judge ad hoc, as provided in Article 675. (Emphasis added.)

The record was reviewed for errors patent, according to La. C.Cr.P. art. 920; *State v. Oliveaux*, 312 So.2d 337 (La. 1975); and *State v. Weiland*, 556 So.2d 175 (La. App. 5ᵗʰ Cir. 1990).

Generally, an errors patent review is not conducted on misdemeanor convictions. Nevertheless, this Court has in the past considered a misdemeanor appeal as an application for supervisory review of the case and has conducted an errors patent review. *See Blackwell*, 263 So.3d at 1240.[12]

Upon review, though it was not affirmatively raised as an assignment of error by defendant, we find that the State failed to properly prove by sufficient evidence that defendant had a prior conviction of possession of marijuana.

The Louisiana Supreme Court and this Court have recognized insufficiency of the evidence to support a conviction where the defendant fails to raise the issue on appeal. *State v. Raymo*, 419 So.2d 858, 861 (La. 1982); *State v. Jackson*, 99-1256 (La. App. 5 Cir. 7/25/00), 767 So.2d 848, 852, *writ denied*, 00-2528 (La. 10/5/01), 798 So.2d 960. The standard for appellate review of the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Brown*, 03-581 (La. App. 5 Cir. 11/12/03), 861 So.2d 644, 650-51, *writs denied*, 03-3407 (La. 4/2/04), 869 So.2d 875, and 04-49 (La. 4/2/04), 869 So.2d 877. In order to support a conviction of possession of marijuana, second offense, the State must prove that the defendant was in possession of marijuana, that the defendant knowingly possessed it, and that

---

[12] *See also State v. Vaughn*, 18-51 (La. App. 5 Cir. 5/16/18), 248 So.3d 578, 588; *State v. Kruebbe*, 17-584 (La. App. 5 Cir. 4/11/18), 244 So.3d 867, 874, *writ denied*, 18-804 (La. 11/20/18), 256 So.3d 987; *State v. Morris*, 16-712 (La. App. 5 Cir. 12/29/16), 209 So.3d 420, 426; *State v. Sayles*, 16-334 (La. App. 5 Cir. 12/7/16), 206 So.3d 1243, 1245 n. 4; *State v. Jones*, 12-640, 12-641 (La. App. 5 Cir. 10/30/13), 128 So.3d 436, 443 n. 4; *State v. Lyons*, 13-180 (La. App. 5 Cir. 10/9/13), 128 So.3d 407, 417; *State v. Carruth*, 94-147 (La. App. 5 Cir. 9/27/94), 643 So.2d 1319, 1322; *State v. Lewis*, 473 So.2d 357, 358 (La. App. 5ᵗʰ Cir. 1985).

he had a prior conviction for possession of marijuana. *State v. Jones*, 08-20 (La. App. 5 Cir. 4/15/08), 985 So.2d 234, 241; *State v. Proctor*, 04-1114 (La. App. 5 Cir. 3/29/05), 901 So.2d 477, 482.

Louisiana Courts have reviewed various methods of establishing the defendant's prior conviction. In *State v. Lathers*, 03-941 (La. App. 5 Cir. 2/23/04), 868 So.2d 881, 883, the State and the defense stipulated to the defendant's prior convictions for possession of marijuana and admitted certified copies of the prior convictions as evidence. Further, on appeal in *Lathers*, the defendant did not dispute that he had two prior convictions for possession of marijuana and pointed out that he had stipulated to those prior convictions and admitted to them during his testimony. In *State v. Van Winkle*, 07-1303 (La. App. 3 Cir. 5/7/08), 2008 WL 1961153, the defendant testified at her 2006 sentencing hearing that her first conviction for possession of marijuana was in 1999. While the defendant in S*tate v. Daniels*, 15-147 (La. App. 3 Cir. 5/8/15), 215 So.3d 759, 760, *on reh'g* (11/12/15), entered into a plea agreement, the State admitted into evidence an excerpt from the minutes showing the defendant's prior plea to possession of marijuana, first offense.[13] In *State v. Young*, 39,546 (La. App. 2 Cir. 3/2/05), 895 So.2d 753, 757, the State called a criminal minute clerk to the stand to identify a certified copy of the minutes of the prior conviction, which showed a plea of guilty to possession of marijuana on September 28, 1998. The clerk testified that there were fingerprint impressions on the back of the bill of information. The State then called an officer qualified and accepted by the court as an expert in fingerprint identification, who testified that the prints on the back of the bill of information were identical to an inked impression of prints taken from the defendant in the

___

[13] Similarly, in *State v. Smith*, 05-375 (La. App. 4 Cir. 7/20/05), 913 So.2d 836, 842, *writ denied*, 07-811 (La. 1/11/08), 972 So.2d 1159, to establish that the defendant had a conviction for possession of marijuana, second offense, to adjudicate the defendant as a habitual offender, the State filed the bill of information, the docket master, the arrest register, the screening action form, the waiver of rights form, and the minute entry of the guilty plea.

courtroom. Therefore, the court found that the State sufficiently established that the defendant was the same person who had previously pled guilty to possession of marijuana on September 28, 1998.

In *State v. Turner*, 05-60 (La. App. 5 Cir. 5/31/05), 904 So.2d 825, 829, this Court reviewed the record for errors patent and concluded that the finding that this was a third offense of possession of marijuana for the defendant was not supported by the record. The State introduced two minute entries, dated October 19, 1998 and January 23, 2002, showing a "Latour Turner," born July 10, 1978, pled guilty to possession of marijuana, and a third minute entry, also dated January 23, 2002, showing that the defendant pled guilty to second offense possession of marijuana. The State called the defendant's parole officer to testify; he stated that based on his records, he believed the defendant had three convictions for possession of marijuana. This Court found a lack of direct evidence presented to the jury to link the defendant with the defendant in the records presented by the State and pointed out that the parole officer identified the defendant as the individual he was supervising for a prior possession of marijuana conviction. This Court concluded that the evidence presented at trial was sufficient to prove that the defendant was guilty of a possession of marijuana, second offense, and modified the conviction to show that the defendant was guilty of possession of marijuana, second offense. This Court vacated the sentence and remanded the matter for resentencing. *Id.* at 830.

In the present case, the State attempted to establish defendant's prior convictions through defendant's testimony alone. The State did not enter minute entries as exhibits, nor were defendant's fingerprints compared to any others. The record does not reflect any stipulation that defendant had a prior conviction for possession of marijuana. Instead, defendant's testimony was the sole evidence of defendant's prior conviction. Defendant also testified as to his other prior

convictions and his parole status at the time of his arrest. When asked by his attorney if he had prior misdemeanor convictions, defendant confirmed that he did. The defense attorney then asked if he "ever had a marijuana," and defendant replied that he did. Defendant stated he thought he only had the one and that he did not remember serving any time on it. However, when the State asked defendant specifically about his 2003 conviction for possession of marijuana, defendant stated that he did not recall being convicted or pleading guilty in that case. He was then asked if he did not have a conviction for possession of marijuana, to which defendant stated that he did not know of such a conviction and then stated that he did have a "marijuana conviction." When asked again, defendant testified that he "may" have such a conviction.

Upon review, we find that the State failed to prove, by defendant's equivocal testimony alone, each element of the offense beyond a reasonable doubt. If a rational trier of fact, viewing evidence in accordance with *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in the light most favorable to the prosecution, could not reasonably conclude that all of the offense's essential elements have been proved beyond a reasonable doubt, the appropriate relief in this case is for the defendant to receive a reduction of the conviction to a judgment of guilty of a lesser and included offense. *State v. Hearold,* 603 So.2d 731, 734 n. 1 (La. 1992) (citing La. C.Cr.P. art. 821; *State v. Byrd*, 385 So.2d 248 (La. 1980)); *Turner*, *supra*.

La. C.Cr.P. art 821(E) provides:

If the appellate court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.

Considering the above, we find that the evidence presented at trial was insufficient to prove that defendant is guilty of possession of marijuana, second

offense, but was sufficient to prove that defendant is guilty of possession of marijuana, first offense, a violation of La. R.S. 40:966(C)(2)(a). Accordingly, we modify defendant's conviction from possession of marijuana, second offense, to possession of marijuana, first offense, vacate defendant's sentence, and remand the matter to the trial court for resentencing.

## CONCLUSION

For the foregoing reasons, defendant's conviction is modified from possession of marijuana, second offense, to possession of marijuana, first offense, defendant's sentence is vacated, and the matter is remanded to the trial court for resentencing.[14]

**JUDGMENT OF CONVICTION MODIFIED; SENTENCE VACATED; MATTER REMANDED FOR RESENTENCING**

---

[14] It is noted that defendant's current sentence of fifteen days imprisonment is a legal sentence for possession of marijuana, first offense. *See* La. R.S. 40:966(C)(2)(a).

It is further noted that the transcript reflects that the trial judge did not advise defendant of the provisions of La. C.Cr.P. art. 930.8 at the time of sentencing. However, this deficiency is moot, given that this Court has vacated defendant's sentence and has remanded the matter for resentencing.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 24, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**19-KA-522**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)
ANDREA F. LONG (APPELLEE)        THOMAS J. BUTLER (APPELLEE)        CYNTHIA K. MEYER (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
RACHEL L. AFRICK (APPELLEE)
LYNN SCHIFFMAN (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053